506 So.2d 1142 (1987)
Guion T. DE LOACH, Appellant,
v.
Carl E. WESTMAN, Interim Personal Representative of the Estate of Margaret H. Benson, Deceased, Appellee.
No. 86-2157.
District Court of Appeal of Florida, Second District.
May 8, 1987.
Guion T. De Loach, Naples, pro se.
John W. MacKay, Tampa, for appellant.
Edward K. Chefy and Richard M. Marchewka of Frost & Jacobs, Naples, for appellee.
PER CURIAM.
In this probate matter an attorney appeals from the order awarding the attorney $2,750 as fees for his work in obtaining the revocation of a will, the removal of the personal representative appointed pursuant to that will, the admission to probate of another will which the attorney had prepared for the decedent, and the appointment of a substitute, interim personal representative.
Although we do not conclude that the record establishes that there was reversible error in the amount of the fees awarded, the trial court failed to include in the order specific findings as to hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986); Brady v. Williams, 491 So.2d 1160 (Fla. 2d *1143 DCA 1986); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
It does, however, appear from the record that the trial court did consider the factors which are required to be considered in the fixing of reasonable attorney's fees. We therefore remand only for the entry of an order containing the findings required by Rowe.
LEHAN, A.C.J., and SANDERLIN and THREADGILL, JJ., concur.