538 So.2d 922 (1989)
Robert COHEN, Appellant,
v.
Gerald SCHWARTZ and Stephen Hochhauser, Appellees.
No. 88-989.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Rehearing Denied March 14, 1989.
Irving Yedwab, for appellant.
Theus J. Sheil, Miami, for appellees.
Before NESBITT and FERGUSON, JJ., and SCOTT, ROBERT C., Associate Judge.
PER CURIAM.
We affirm the order denying the motion of a residuary legatee in the estate of Irene Cohen to remove the decedent's personal representative and to discharge the representative's attorney. It was within the province of the probate judge to determine that the evidence submitted was either insufficient or did not rise to the level necessary for the removal of the personal representative.
*923 This estate has been pending for probate in Florida for almost eleven years. Although the settlement of the estate is interdependent upon the settlement of the estate of the decedent's husband presently pending for probate in New York, the record does not adequately reflect why either proceeding should consume so much time or estate assets. Estates of decedents are not probated at the leisure or for the benefit of personal representatives or their attorneys.
We direct that upon remand the probate court assume a dominant position assuring that this estate is settled and closed with deliberate dispatch. These steps may include, by way of illustration rather than limitation: a) attempting to coordinate settlement of the estate by communicating with the surrogate responsible for the probate of the estate of decedent's husband in New York; b) appointing an administrator ad litem; c) requiring that at least annually, the final accounting and petition for discharge be extended only for good cause, embodied in a written order after notice to all interested parties, see § 733.901(1)(e), Fla. Stat. (1987); and d) assessing costs and attorney's fees against a beneficiary's portion of the estate for frivolous litigation caused the estate, §§ 733.106(1) & 733.106(4), Fla. Stat. (1985); Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984).
AFFIRMED.