543 So.2d 449 (1989)
In re ESTATE OF Harvey S. WARWICK, Deceased.
No. 88-0806.
District Court of Appeal of Florida, Fourth District.
May 24, 1989.
Louis L. Hamby, III, of Alley, Maas, Rogers, Lindsay & Chauncey, Palm Beach, for appellant-Julia Carswell.
James E. Weber of James E. Weber, P.A., West Palm Beach, for appellee-Warwick, Campbell, Burns, Severson & Banister, P.A.
GARRETT, Judge.
Appellant, the estate's co-personal representative, filed an objection to the attorney's fee paid the law firm representing her and the corporate co-personal representative. The objection was denied.
We affirm.
The trial judge addressed the statutory criteria for determining a reasonable attorney's fee in probate administration. The lodestar approach of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), need not be applied where the legislature has provided specific guidelines for the determination of attorney's fee awards. What An Idea, Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA), rev. denied, 513 So.2d 1064 (Fla. 1987); Division of Administration, State Department of Transportation v. Ruslan, Inc., 497 So.2d 1348 (Fla. 4th DCA 1986); Rivers v. SCA Services of Florida, Inc., 488 So.2d 873 (Fla. 1st DCA 1986); § 733.617, Fla. Stat. (1987).
Considering the gross value of the estate, the attorney's exposure to potential liability, the local bar's customary practice of charging a fee based upon a percentage of an estate's gross value, and the expert testimony as to the reasonableness of the fee awarded, we find no abuse of discretion. Sheffield v. Dallas, 417 So.2d 796 (Fla. 5th DCA 1982).
AFFIRMED.
HERSEY, C.J., and GUNTHER, J., concur.