## WHIDDEN v ALLSTATE INSURANCE COMPANY
### Case No. 89-6794
Thirteenth Judicial Circuit, Hillsborough County
December 12, 1989

### APPEARANCES OF COUNSEL

**William H. Winters, Esquire,** and **Joseph D. Turner, Esquire,** Mulholland & Anderson, for appellant.

**John O. Strauss,** McClain & Associates, P.A., for appellee.

### OPINION OF THE COURT

JOHN M. GILBERT, Circuit Judge.

AFFIRMED. The appellant challenged the trial court's failure to include in a final judgment award attorneys' fees, specific findings as required by *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985). This Court is also aware of *Woodruff & Sons, Inc. v Pary, Inc.,* 543 So.2d 467 (Fla. 2d DCA 1989) and *De Loach v Westman,* 506 So.2d 1142 (Fla. 2d DCA 1987) which reversed and remanded only for entry of an amended judgment containing findings required by *Rowe.* I would do so in this case but for the distinction

that appellant prepared and submitted the final judgment to the court which appellant now claims was incomplete.

The parties appeared before the Honorable J. E. Rainwater, Retired, Acting Judge, to dictate on the record their settlement regarding the main claim and that they would submit affidavits and memoranda of law and facts, as necessary. The trial court instructed the parties as to the manner in which attorney's fees would appear in the judgment. Appellant's counsel filed a motion to tax attorney's fees in which he relied upon *Rowe, supra,* and also submitted the very judgment upon which he now complains failed to include the specific findings required by *Rowe.*

AFFIRMED.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 12th day of December, 1989.