PER CURIAM.
This is the third áppearance of this case before the Fourth District. See In re Estate of Lane, 492 So.2d 395 (Fla. 4th DCA 1986) and Weber v. Imperato, 501 So.2d 1 (Fla. 4th DCA 1986). The appellants [1] herein are some of the specific beneficiaries under the Last Will of Ruth Lane executed February 5, 1982. The appellee, Herbert Weber, is the personal representative of that will, which was established as the true will in the earlier proceedings. By this appeal, the appellants challenge the lower court’s order assessing attorneys’ fees, proportionally, against all of the specific beneficiaries’ shares in the estate and the residuary. We affirm in part and reverse in part with instructions.
We find merit with the appellants’ arguments and reverse the assessment against the individual beneficiaries’ shares in the estate.
The Appellants contend that their position in the will contest was taken in good faith and the assessment against them is contrary to the law construing section 733.106(4) Florida Statutes (1987).[2] *353 We agree. This section does not give the trial court unbridled discretion to award fees from any part of the estate. Before the trial court may assess fees against a beneficiary’s share of an estate there must be a finding of bad faith or wrongdoing by the beneficiary or other circumstances which would warrant such an assessment. See Dayton v. Conger, 448 So.2d 609 (Fla. 3rd DCA 1984); Cohen v. Schwartz, 538 So.2d 922 (Fla. 3rd DCA 1989); see also Estate of Gerhart, 220 So.2d 655 (Fla. 3rd DCA 1969).
In Dayton v. Conger the court addressed whether the probate court properly ordered that attorney fees be paid out of the beneficiaries’ shares of the estate. The court found that section 733.106(4), Florida Statutes (1983), gave the probate court latitude in determining which assets of the estate should be used to pay attorneys’ fees:
The statute authorizes the court to order that attorneys’ fees be borne unequally by different portions of the estate when demanded by appropriate circumstances. Here, the probate court, finding the beneficiaries had been guilty of wrongdoing, was acting within its discretion authorized by the statute when it ordered that the attorneys’ fees be paid out of the beneficiaries shares of the estate.
Id. at 612. The wrongdoing alleged in Dayton v. Conger was a wrongful procurement of the exercise of a power of appointment. Similarly, in Cohen v. Schwartz, the appellate court provided that on remand an estate (which had been pending in probate for 11 years) should be closed with “deliberate dispatch.” The appellate court, referencing Dayton v. Conger, suggested that in order to accomplish this, the trial court consider assessing attorneys’ fees against a beneficiary’s portion of the estate for frivolous litigation, as warranted, pursuant to section 733.106(4), Florida Statutes (1985).
In the present case there are no allegations or findings attributing bad faith or other inequitable conduct to appellants which would support the assessment of fees against their individual bequests under the will. Therefore the assessment against appellants is unwarranted under section 733.106(4). Rather, section 733.805, Florida Statutes (1987), provides the guide for appropriation of estate proceeds to pay such expenses.
The appellants’ argument, that such an assessment effectively makes for a judicially imposed “in terrorem clause” contrary to section 732.517, Florida Statutes (1987), has merit. Such clauses are unenforceable and it would be against the purpose underlying section 732.517, Florida Statutes (1987), to construe the present circumstances such that appellants subjected their bequests to forfeiture by challenging the will of the testatrix. See generally 18 Fla. Jur.2d Decedents’ Property § 452 (1980); Annotation, Validity and enforceability of provision of will or trust instrument for forfeiture or reduction of share of contesting beneficiary, 23 A.L.R. 4th 369 (1983).
We find no support for appellee’s position that the specific beneficiaries should be taxed for appellee’s fees because they otherwise would not have inherited anything if the estate had passed according to the intestacy laws. Our review of the record convinces us that at least some of the specific beneficiaries would have inherited from the estate, as relatives of the testatrix, according to the intestacy statute. See generally Chapter 732, Florida Statutes (1987).
We clarify one point which apparently caused some confusion in the trial court, that is, what criteria should apply when legal expenses are assessed on behalf of a personal representative.
By way of background, we note that the law firm which was retained by the personal representative of the estate, to handle the probate administration, also entered a contingent fee agreement with the residuary legatee and some of the specific beneficiaries (other than appellants) to represent them in the earlier will contest.[3] See In re *354 Estate of Lane. The court determined, applying either the factors set forth in section 733.617, Florida Statutes (1987), or the criteria of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), that $760,000 was a reasonable fee. We reiterate that the personal representative was not a party to the contingency fee agreement and that agreement has no bearing on the determination of the amount of a reasonable fee due for services rendered to the personal representative. Section 733.617, Florida Statutes (1987), provides the criteria for determination of reasonable compensation for attorneys hired by the personal representative. The Johnston, Sasser firm is the real party in interest under the contingency fee agreement; that firm did not move for fees in its individual capacity in this action. The personal representative was not a party to that agreement and there is therefore no basis for application of the criteria outlined by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).[4] We see no error in, and appellants do not argue, that the figure arrived at by the trial court is a reasonable fee. However the appellants have raised a potentially troubling issue as to whether the estate may be invaded twice for the dual representation of the personal representative and the client beneficiaries for services rendered on their behalf in the will contest litigation. At present this issue is not before the court and we need only address the personal representative’s entitlement to attorneys’ fees from the estate, which of course is authorized by statute. See sections 733.106(2), 733.612(19) and 733.612(20) (which authorize the personal representative to hire attorneys and to litigate on behalf of an estate) and section 733.617, Florida Statutes (1987) (which provides how such services will be compensated).
On remand from the earlier appeal, Weber v. Imperato, 501 So.2d 1 (Fla. 4th DCA 1986), this court found that both the will contestants (the appellants herein) and the appellee/personal representative were entitled to move for attorneys’ fees before the trial court. The appellants were awarded $8,000 in fees and we affirm that award and direct that it should be assessed against the residuary portion of the estate pursuant to section 733.805(1), Florida Statutes (1987). See In re Griffis, 366 So.2d 80 (Fla. 4th DCA 1978); In re Estate of Whitehead, 287 So.2d 9 (Fla.1973); In re Wilmott’s Estate, 66 So.2d 465 (Fla.1953); Johnson v. Burleson, 61 So.2d 170 (Fla.1952).
Finally, the order awarding attorneys’ fees reflects at page three that the total attorneys’ fee award to be apportioned was $827,000. This is incorrect and we remand for correction of this figure to $768,000.
The $760,000 award to the personal representative is affirmed. The $8,000 award to appellants is affirmed. On remand, both awards should be assessed in accordance with section 733.805, Florida Statutes (1987). The final judgment is remanded for correction.
*355 AFFIRMED in part; REVERSED in part with directions.
WALDEN and STONE, JJ., concur.
LETTS,, J., concurs specially with opinion.

. The appellants, heirs under the Last Will of Ruth Lane executed February 5, 1982, include Dorothy Imperato, Robert Imperato, Judith Eyal, George Hoffman, Harvey Hoffman, Paul Hoffman, The Estate of Evelyn Charap, The Estate of Jack Charap, Sandy Klaidman, Gloria Rosenblatt, Alan Charap, Carol Goode and Kenneth Stowe.

. Section 733.106(4) Fla.Stat. (1987), provides: (4) When costs and attorney fees are to be paid out of the estate, the court may, in its *353 discretion direct from what part of the estate they shall be paid.

. Johnston, Sasser, Randolph & Weaver, P.S., filed a motion for attorneys’ fees on behalf of *354 the personal representative. The motion provides, in pertinent part:
1. HERBERT WEBER is the named Personal Representative in the Last Will and Testament of Ruth Lane, dated February 5, 1982. WEBER employed the firm of Johnston, Sasser, Randolph & Weaver, P.A., to represent the Personal Representative in will contest litigation to establish the will.
******
6. Certain of the specific beneficiaries, to-wit, Elwood Lystrup, Tommy Lystrup, Cheryl Johansen, Linnel Lystrup Springer, Patty Rosener, Patty Rosener as Custodian for Samuel Rosener, Leonard Manley, Jerry Manley, Frances Norello and Terry Rousselot, entered into a contingent fee agreement with the law firm of Johnston, Sasser, Randolph & Weaver, P.A., wherein they are obligated to pay a percentage of their specific bequests for attorney’s fees and costs as a result of the benefit received from the results achieved in the will contest.

. We note that the issue of whether the Rowe criteria applies in probate matters is pending in the Florida Supreme Court. See In re: Estate of Warwick, 543 So.2d 449 (Fla. 4th DCA 1989), jurisdiction accepted, 555 So.2d 858 (Fla.1990); and In re: Estate of Lester Platt, 546 So.2d 1114 (Fla. 4th DCA 1989), jurisdiction accepted, 555 So.2d 858 (Fla.1990) (Rowe need not be applied where specific statutory guidelines have been provided for the determination of an attorney’s fee.)