PER CURIAM.
The residuary beneficiaries of the estate of Irene Moyle Davis appeal from a final order finding the fees charged by the co-personal representatives of the estate and their attorneys to be reasonable.
The beneficiaries argue that the recent Florida Supreme Court decision of In re Estate of Platt, No. 74,793 (Fla. Apr. 4, 1991), 16 F.L.W. S237, requires reversal because the trial court failed to determine specifically the reasonable hourly rates and the reasonable number of hours expended by the personal representatives and awarded the bank’s fee entirely on a percentage basis.
In Platt, the Florida Supreme Court held that under section 733.617(1)[1] “trial judges were required to take into account each of the factors applicable to the particular case before them.” Id. at 241. Additionally the supreme court stated that “[determining a reasonable hourly rate for an attorney for a particular type of legal service and the number of hours that should be expended by the attorney in providing those services is an appropriate starting point for the computation of a reasonable fee in estate proceedings^]” Id. at 240.
Unlike the trial court’s order in Platt which expressly refused to apply the principles set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and which awarded attorney’s fees based solely on a percentage of the estate, the order under review here was based upon all of the factors enumerated in the probate fee statute, section 733.617(1), Florida Statutes (1987), including the time and labor reasonably expended and the reasonable hourly rate.[2] The scheduled per *113 centage rates charged by the appellees clearly were not the sole factors relied on by the trial court. Finally, unlike the beneficiaries in Platt, the beneficiaries here failed to object to the percentage-based fees during the administration of the estate and never requested maintenance of time records.
Although we do not conclude that there was reversible error in the amount of fees awarded, the trial court failed to include in the order specific findings as to hourly rate and the number of hours reasonably expended as required by Rowe. Accordingly, we vacate the final judgment and remand for the entry of an order containing these findings. See DeLoach v. Westman, 506 So.2d 1142 (Fla. 2d DCA 1987); Brady v. Williams, 491 So.2d 1160 (Fla. 2d DCA 1986).
Judgment vacated; cause remanded for further consistent proceedings.

. Section 733.617(1) provides that reasonable compensation for personal representatives and their attorneys shall be based on:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly.
(b) The likelihood that the acceptance of the particular employment will preclude other employment by the person.
(c) The fee customarily charged in the locality for similar services.
(d) The amount involved and the results obtained.
(e) The time limitations imposed by the circumstances.
(f) The nature and length of the professional relationship with the decedent.
(g) The experience, reputation, diligence, and ability of the person performing the services.

. Rowe does not require specific reflection in written records of the hours reasonably expended so long as the award is supported by substantial competent evidence. See Glades, Inc. v. Glades Country Club Apts. Ass’n, 534 So.2d 723 (Fla. 2d DCA 1988), rev. dismissed, 571 So.2d 1308 (Fla.1991).