OVERTON, Justice.
Petitioner, Julia W. Carswell, co-personal representative and beneficiary of the estate of Harvey S. Warwick, deceased, seeks review of the Fourth District Court of Appeal’s decision in In re Estate of Warwick, 543 So.2d 449 (Fla. 4th DCA 1989). Petitioner challenges the attorney’s fee computed solely on a percentage of Warwick’s $1,890,000 estate. We find conflict with Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); De Loach v. Westman, 506 So.2d 1142 (Fla.2d DCA 1987); and Brady v. Williams, 491 *328 So.2d 1160 (Fla.2d DCA 1986).[1]
The attorney for the estate set a fee based on 2[1]/?. to 3% of the value of the estate, or $54,000. The attorney testified that he had spent approximately 120 to 130 hours on the estate, although he could give no breakdown as to how his hours had been spent. The attorney testified that a 3% fee would equal $57,000. However, he reduced the fee to $54,000, based on approximately 2¾% of the value of the estate.
Petitioner, in challenging the fee, presented an expert who testified that a reasonable fee would be between $20,000 and $30,000. He computed this fee by determining a reasonable number of hours for each service rendered. He then used the lodestar method set forth in Florida PoMent’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985), in assessing attorney’s fees.
Both the trial court and the district court of appeal rejected the use of the lodestar method. The district court held:
Considering the gross value of the estate, the attorney’s exposure to potential liability, the local bar’s customary practice of charging a fee based upon a percentage of an estate’s gross value, and the expert testimony as to the reasonableness of the fee awarded, we find no abuse of discretion.
In re Estate of Warwick, 543 So.2d at 449 (emphasis added). The district court also expressly held that the lodestar method of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), was not applicable in this type of proceeding.
For the reasons expressed in our clarified decision in In re Estate of Platt, 586 So.2d 328 (Fla.1991), we quash the decision of the district court of appeal in the instant case. Accordingly, we direct that this cause be remanded for further proceedings in accordance with the views expressed in our Platt decision.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.