957 So.2d 1188 (2007)
Beatriz L. LABBEE, Appellant,
v.
James B. HARRINGTON, et al., Appellees.
No. 3D06-1516.
District Court of Appeal of Florida, Third District.
March 7, 2007.
Rehearing Denied June 5, 2007.
*1189 Knecht Knecht and Harold C. Knecht, Miami, for appellant.
Dennis R. Haber, Palmetto Bay; Dittmar Hauser, Coconut Grove, for appellees.
Before RAMIREZ, WELLS, and LAGOA, JJ.
WELLS, J.
Beatriz L. Labbee appeals an order denying her request for an award of trial and appellate attorney's fees under section 57.105.[1] We affirm in part, and reverse in part.
In Labbee v. Harrington, 913 So.2d 679 (Fla. 3d DCA 2005), this court ordered the reinstatement of a default judgment which the trial court had previously set aside. At that time, we denied Ms. Labbee's motion for appellate attorney's fees under section 57.105. Pointing to that denial, defendant James B. Harrington argued below that our fee ruling had become the "law of the case," requiring vacation of an earlier trial court order which had awarded section 57.105 fees for what had occurred both at the trial and at the appellate levels. This argument was correct as to the appellate fees at issue, but is not correct with regard to the fees incurred at the trial level. Without comment or conjecture on Ms. Labbee's entitlement to section 57.105 fee award for what occurred in the trial court, we conclude that because it appears that the trial court made its decision not based on its determination of Ms. Labbee's entitlement to the fees, but *1190 rather on Harrington's "law of the case" argument, remand is required. We therefore reverse that portion of the order which denies entitlement to a fee award for pre-mandate services rendered in the trial court, and remand for a hearing on entitlement, and thereafter award section 57.105 fees, if appropriate.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Section 57.105 provides in relevant part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.