WARNER, J.
 

 The personal representative of the estate of Janice White appeals a trial court
 
 *151
 
 order making her personally responsible for the estate’s attorneys’ fees incurred in litigation with the estate’s prior attorney, as well as ordering her to return fees that she paid to herself and the estate’s current attorney. To the extent that the trial court found that the litigation resulting in the fees was frivolous, we affirm. However, the trial court did not make that finding as to part of the litigation, and to the extent that it made the personal representative responsible for these fees, we reverse.
 

 Janice White died in 1999, and Rebecca Geary, appellant, was appointed as personal representative, pursuant to the decedent’s will. The beneficiaries to the estate include appellees Jennifer Bova, Richard Geary, David Geary, and Peter Geary. The personal representative employed a succession of attorneys in administering the estate. Appellee Butzel Long, P.C., was retained in November 2002 and continued as counsel until 2004. It submitted its last bill in the amount of $4,127 on May 24, 2004.
 

 Geary retained the Crenshaw Law Firm which filed an objection to the fees and sought to have Butzel Long disgorge fees previously paid. The resulting litigation over the fees lasted until November 18, 2005, when the trial court allowed Butzel Long to withdraw as counsel for the estate and awarded it the $4,127 due, finding no grounds for disgorgement of fees previously paid.
 

 Because the estate did not pay immediately, Butzel Long filed a petition for removal of Geary as personal representative and for the appointment of an administrator who would pay its court awarded fees. It also filed a petition for payment of fees of $19,000 and costs of $4,000 it incurred during the eighteen month fee litigation. Although the estate thereafter paid the original $4,127, litigation over the fees on fees extended for two years.
 

 During the pendency of the fees on fees litigation, appellant paid herself $18,600 as a personal representative’s commission and paid her attorney, Crenshaw, over $43,000 in fees for his representation in the litigation from the estate account. The remaining beneficiaries filed claims demanding that the personal representative disgorge the fees paid to herself and to Crenshaw. They also demanded that any amounts paid to Butzel Long should be the personal responsibility of Geary and paid from her share of the estate.
 

 In 2007, the trial court entered an order awarding $49,000 in fees and costs to But-zel Long. However, litigation continued on the beneficiaries’ claims as well as But-zel Long’s petition to remove the personal representative so that it could receive payment of its claims.
 

 The court conducted lengthy proceedings and entered judgment on the remaining claims. It noted that at the time But-zel Long submitted its last bill in 2004, the estate had assets and each beneficiary would have received an additional distribution. After four additional years of litigation the estate was insolvent and Butzel Long was still owed fees.
 

 As to the personal representative’s payment of her own commission and fees to her attorney during the fees litigation, the court concluded that the personal representative should have obtained prior court permission before paying those fees where Butzel Long was a substantial creditor of the estate. The personal representative was not acting in the best interests of the estate, including creditors, where she paid her own fees and attorney’s fees when the estate did not have enough money to pay both the creditor’s claims and their own fees.
 

 
 *152
 
 Moreover, the trial court found that incurring the fees was not reasonable. It stated:
 

 The Personal Representative and her attorney may have been justified in litigating the $4,127 fee in the first instance.
 
 But, certainly once they lost on that issue and the attempt to surcharge Butzel Long for alleged overbilling, they reasonably should have realized that the jig was up and that they would have to pay fees on fees. The litigation resulting after Butzel Long’s initial plea for fees on fees was neither necessary nor reasonable and resulted in a substantial detriment to the Estate by prolonging the litigation, increasing the fees on fees ultimately awarded from $19,000 to $49,000 and by delaying the administration of the Estate.
 

 (emphasis supplied). Based upon its findings, the trial court ordered Geary and Crenshaw to repay to the estate the sums that they had been paid during the fees on fees litigation. The court also made Geary personally responsible for payment of Crenshaw’s fees from 2004 through the date of the order to the extent that they were incurred in connection with the But-zel Long litigation, and the court also made Geary responsible from her portion of the estate for Butzel Long’s fees associated with the fees on fees litigation. Finally, it awarded an additional $28,000 in fees and granted a judgment against the estate, Geary’s portion of the estate, and Geary, individually. It denied Geary’s request for additional fees for extraordinary services. From that order Geary appeals.
 

 Geary argues that the trial court erred in ordering her, as a personal representative of the estate, to be personally responsible for attorneys’ fees and costs incurred in challenging Butzel Long’s fees, in assessing Butzel Long’s fees and costs against her, and in ordering her and her attorney to refund fees they received during the fees on fees litigation. She claims that the court had to find bad faith on her part before it could take these steps. We disagree that only a showing of bad faith permits an individual assessment of fees. Engaging in essentially frivolous litigation would justify a court in assessing fees against the personal representative.
 

 Butzel Long, as attorney for the personal representative, claimed fees pursuant to sections 733.6171 and 733.6175, Florida Statutes.
 
 See Bitterman v. Bitterman,
 
 685 So.2d 861 (Fla. 4th DCA 1996),
 
 rev’d in part on other grounds,
 
 714 So.2d 356 (Fla.1998). Pursuant to section 733.6175(2), Florida Statutes:
 

 Court proceedings to determine reasonable compensation of the personal representative or any person employed by the personal representative, if required, are a part of the estate administration process, and the costs, including attorneys’ fees, of the person assuming the burden of proof of propriety of the employment and reasonableness of the compensation shall be determined by the court and paid from the assets of the estate unless the court finds the requested compensation to be substantially unreasonable. The court shall direct from which part of the estate the compensation shall be paid.
 

 In
 
 In re Estate of Lane,
 
 562 So.2d 352 (Fla. 4th DCA 1990), we examined the propriety of a probate court’s order assessing attorney’s fees from a will contest proportionally against the specific beneficiaries as well as the residuary estate. We noted that section 733.106(4), Florida Statutes, permits the court to direct from what part of an estate a fee assessment shall be paid (just as section 733.6175(2) does). However, we explained:
 

 This section does not give the trial court unbridled discretion to award fees from
 
 *153
 
 any part of the estate. Before the trial court may assesses fees against a beneficiary’s share of an estate there must be a finding of bad faith or -wrongdoing by the beneficiary or other circumstances which would warrant such an assessment.
 

 Id.
 
 at 353. Despite our use of “bad faith and wrongdoing,” we relied on and agreed with
 
 Cohen v. Schwartz,
 
 538 So.2d 922 (Fla. 3d DCA 1989), in which the court suggested that in trying to close a prolonged estate, the trial court could assess attorney’s fees against a beneficiary’s portion of the estate for frivolous litigation consistent with section 733.106(4). We agree that if the litigation pursued is frivolous, then the court would have the authority under that section to assess fees against a specific beneficiary’s portion of the estate.
 

 The trial court found that the fees incurred in pursuing the fees on fees litigation constituted essentially frivolous litigation and were unreasonably incurred. Therefore, it acted within its discretion to apportion the fees for that litigation to Geary. However, the court did not make a finding that the personal representative engaged in frivolous litigation in its initial defense to Butzel Long’s motion for fees and seeking disgorgement of fees paid. To the contrary, it noted that that defense may have been justified. It found only that the fees on fees litigation, which pushed the fees and costs awarded to But-zel Long from $19,000 to $49,000 (and subsequently even more), was unreasonable and unnecessary. Therefore, while the court could properly assess the fees on fees litigation against Geary, it should not have imposed the initial $19,000 for the fees litigation on Geary’s share of the estate without a finding of wrongful conduct, bad faith, or frivolousness.
 

 The court also required Geary to be personally responsible for fees paid to Crenshaw from May 2004 through the date of the judgment. Because the court did not find that the defense against Butzel Long’s initial request for fees was unreasonable, the court also should not have required Geary to be solely responsible for attorney Crenshaw’s fees covering the litigation up to the initial judgment in November 2005. Our ruling, however, does not determine that the amount of those fees was reasonable. That must be left for further ruling by the trial court.
 

 In all other respects we affirm the trial court’s judgment. We remand for further proceedings consistent with this opinion.
 

 STEVENSON and DAMOORGIAN, JJ., concur.