FARMER, J.
In Williams v. Cadlerock Joint Venture LP, 980 So.2d 1241 (Fla. 4th DCA 2008), we held that Cadlerock had not served initial process on defendant and consequently that its New York default judgment against him could not be enforced. The record had disclosed that defendant was a male but the return on purported service showed that the agent had served a woman in New York with the same name.
That very pertinent fact had been previously revealed to Cadlerock in the trial court by defendant’s affidavit attesting that he was in fact a man living in Florida and not a woman living in New York. He had also then served notice that if Cadler-ock persisted in seeking to enforce a void *294 New York judgment against him in the face of the obvious failure to serve initial process he would seek to recover attorneys fees under § 57.105(1).
As we noted in the previous appeal, the trial court had entered an order finding the New York judgment properly domesticated in Florida, and subject to enforcement through personal financial discovery in aid of execution and execution on the judgment. Defendant prevailed on his appeal of that decision. In that appeal, he also sought an award of appellate attorneys fees from Cadlerock under the same statute, which we denied without elaboration.
As now the prevailing party, he then sought sanctions and attorneys fees in the trial court under § 57.105(1) for the persistence of Cadlerock in trying to enforce the judgment against him after being forewarned by the notice he had given Cadlerock before the merits were determined. The trial court rejected defendant’s application, pointing to our order denying appellate fees in the previous appeal and explaining:
“The [Fourth District] found that it was not a frivolous appeal based on the March [2007] notice, the exact notice that the defendant is asking me to consider here. I am hard pressed to find that it would be a frivolous motion when the Fourth District found that it was not a frivolous motion by them ruling in the appellate court on the exact same basis.”
With respect, the trial court misapprehended the plain text of the statute, the procedural setting and the nature of the process for awarding fees under § 57.105(1).
In Boca Burger Inc. v. Forum, 912 So.2d 561 (Fla.2005), the supreme court held:
“no authority exists for an appellate court’s imposition of sanctions for conduct occurring in the trial court, [e.s.] ‘Where the trial court has failed to make ... findings [under section 57.105], [the appellate court is] without authority to do so in the first instance on appeal.’ ” [1]
It necessarily follows that our own decision to deny sanctions under § 57.105(1) for the prior appeal has no bearing on whether the trial court may itself impose sanctions for persisting in trying to enforce an invalid judgment against defendant.
It is hardly surprising that in many cases we would deny appellate fees against an appellee under § 57.105(1) even when appellee was not successful on appeal in upholding the judgment. After all, a judgment of a trial court is presumably correct. Even acknowledging the possibility of this court properly finding an appellee’s position on appeal unsupported by fact or law, that possibility does not mean that our denial of fees for an appeal necessarily constitutes collateral estoppel as to appel-lee’s conduct in procuring the judgment in the trial court in the first place.[2] We hold that defendant has the right to demonstrate on the merits that he is entitled to § 57.105(1) fees against Cadlerock for continuing its attempt in the trial court to enforce the New York judgment against him even after given notice it had served the wrong Leslie Williams.
For largely the same reason, we reject the argument that defendant’s fail *295 ure to raise the issue of trial court fees under § 57.105(1) in the prior appeal bars his claim for such sanctions. The record fails to contain any indication that before the first appeal the trial court even considered — much less decided — defendant’s claim for sanctions under § 57.105(1). Nothing to that effect is stated in the order. A party claiming collateral estop-pel has the burden of demonstrating with certainty that the issue was actually considered and determined in the prior proceeding.[3]
Moreover, the plain text of § 57.105(1) requires that a party must be the prevailing party in order to seek such sanctions.[4] At that point in the trial court, he had no basis to claim fees under § 57.105(1), for he was then the losing party. The trial court had ruled in favor of his adversary on the merits, so any claim for fees under § 57.105(1) had not yet accrued and would have then been premature. Defendant was entitled to appeal and settle the issue of the validity of the New York judgment — thereby becoming the prevailing party — and only then press his claim for sanctions under § 57.105(1) against Cad-lerock for its continued prosecution in the trial court.[5]

Reversed.

GROSS, C.J., and DAMOORGIAN, J., concur.

. 912 So.2d at 569.

. See McNamara v. City of Lake Worth, 956 So.2d 509 (Fla. 4th DCA 2007) (denial of appellate attorney fees in prior appeal did not preclude award of trial level attorney fees as sanction); Labbee v. Harrington, 957 So.2d 1188 (Fla. 3d DCA 2007) (DCA denial in prior appeal of appellate attorney fees under § 57.105(1) was not law of the case as to entitlement to attorney fees for losing party’s conduct in trial court).

.See Hittel. v. Rosenhagen, 492 So.2d 1086, 1089-90 (Fla. 4th DCA 1986) (essential that issue common to both was actually adjudicated; doubts whether issue actually decided must be resolved in favor of party opposing estoppel); Freehling v. MGIC Fin. Corp., 437 So.2d 191, 193 (Fla. 4th DCA 1983) (party claiming benefit of collateral estoppel bears burden to show with certainty that issue was formerly determined).

. § 57.105(1), Fla. Stat. (2008) (“court shall award a reasonable attorney's fee to be paid to the prevailing party”). Te.s.]

. We reject all other arguments without further comment.