TAYLOR, J.

Introduction

These consolidated cases involve fee awards in a probate matter.[1] In Case Number 4D10-206, Charles W. Shuck, Carol Shuck, and Sandra Shuck appeal from a final judgment awarding fees and costs to appellees Wayne Smalls and Wintter & Associates under sections 57.105 and 733.106, Florida Statutes, in litigation appellants brought to challenge the decedent’s will. On cross-appeal, ap-pellees argue that the trial court should have calculated prejudgment interest, awarded attorney’s fees under section 57.105 from the inception of the case, and assessed 50% of the fees against appellants’ lawyers pursuant to section 57.105.
In Case Number 4D11-1861, appellants appeal from a final judgment awarding attorney’s fees and costs to appellees under sections 57.105 and 733.106 for litigation in this probate matter concerning tax apportionment.
We affirm as to all issues appellants have raised in these appeals. However, we find merit in the cross-appeal filed in Case Number 4D10-206 and reverse and remand for entry of a judgment consistent with this opinion.

Factual Background

Robert Kleeb, Jr., died on October 8, 2005, shortly before his 69th birthday. *925 Three days before his death, the decedent, who was terminally ill with liver cancer, executed a last will and testament dated October 5, 2005. The relevant provisions of the will provided that the decedent’s sisters, appellants Carol Shuck and Sandra Walker, would receive the proceeds of an IRA (valued at approximately $1.2 million) plus a bequest of $200,000, to be divided equally between the two. The decedent’s boyfriend, appellee Wayne Smalls, would receive the residue of the estate. According to the Petition for Administration filed in 2005, the residue of the estate included, among other things, a $780,000 home, liquid assets worth about $900,000, and personal property worth over $100,000.
The decedent’s prior will was executed on January 8, 2005, which was after the cancer diagnosis, and was virtually identical to the October 5, 2005 will, except that the later will excluded a $20,000 bequest to an individual named Papa Huluwazu. Before that, the decedent had executed a will in 1994, which would have given the residue of the estate to his sisters.
On December 28, 2005, Smalls filed a petition for administration and submitted the decedent’s October 5, 2005 will for probate. In early January 2006, Smalls was appointed personal representative of the estate.
On February 10, 2006, counsel for Smalls served the Notice of Administration by certified mail on appellants Charles Shuck, Carol Shuck, and Sandra Walker. Charles and Carol Shuck received the Notice of Administration on February 13, 2006, and Sandra Walker received it on February 14, 2006.
At a March 2006 hearing, the trial court removed Smalls as personal representative of the estate on the grounds that he was not a resident of Florida and was not related to the decedent.
On May 19, 2006, appellants filed a petition for revocation of probate and for removal of the personal representative. Appellants’ petition sought to invalidate both the October 2005 will and the January 2005 will, raising claims of improper execution of the will, lack of testamentary capacity, undue influence, invalid designation of the personal representative, and interference with estate administration.
Shortly thereafter, Smalls filed a motion to dismiss appellants’ petition, alleging, among other grounds, that appellants’ petition was time-barred under section 733.212(3), Florida Statutes, because the petition was not filed within three months of appellants receiving the Notice of Administration. Appellants filed a response in opposition to the motion to dismiss, arguing primarily that Smalls did not have standing to file the motion because he was no longer the personal representative. The trial judge denied Smalls’ motion to dismiss. After the trial judge recused himself, Smalls filed a motion to vacate the order denying the motion to dismiss and for reconsideration. He again argued that appellants’ petition was time-barred under section 733.212(3). Appellants filed a response which argued, among other things, that the petition was timely because the probate rules provided for an extension of five days for mailing. The successor judge denied the motion to vacate.
After considerable discovery, Smalls filed a motion for summary judgment in May 2007. Just a few days before the scheduled summary judgment hearing and less than one week before trial, appellants voluntarily dismissed five of the six counts in their petition. The only remaining count of the petition — requesting the removal of Smalls as personal representative — was deemed moot.
In September 2007, appellees filed their petition for attorneys’ fees and costs. The *926 trial court held a hearing on entitlement and, on February 1, 2008, entered an order granting appellees’ request for attorney’s fees and costs. The trial court’s order provided that appellees were entitled to recover their attorney’s fees and costs pursuant to section 733.106(2) and (3), Florida Statutes, and that the fees would be paid from appellants’ share of the estate pursuant to section 733.106(4). The order also provided that appellees were entitled to recover attorney’s fees and costs against appellants under section 57.105 from May 24, 2007 forward, because appellants “knew, or should have known, that their claims were not supported by material facts by that date.”
After several evidentiary hearings, the trial court entered a final judgment awarding attorney’s fees and costs to appellees pursuant to the February 1, 2008 order. The trial court found that the merits of appellants’ claims were “severely lacking,” but that appellants nonetheless pursued a “scorched earth” strategy, desperately seeking to find any evidence to support their claims. The trial court also found that Smalls’ attorneys were not to be outdone, having “brought a gun to a knife fight” and endlessly litigating every issue. Despite this observation, the trial court found that the reasonable attorney’s fees incurred by Smalls were substantial and awarded appellees $441,500 in attorney’s fees, plus costs and expert witness fees. The order did not, however, distinguish between the fees awarded under section 57.105 and those awarded under section 733.106. The trial court later entered an order which amended the final judgment to provide for prejudgment interest, but did not calculate the amount of prejudgment interest. The appeal and cross-appeal of this judgment are the subject of Case Number 4D10-206.
In a previous appeal, our court affirmed the trial court’s final summary judgment in favor of Smalls on the apportionment of taxes issue. We denied appellees’ request for appellate attorney’s fees pursuant to section 57.105, but we remanded the case to the lower court to “determine attorneys’ fees pursuant to Fla. Stat. 733.106.”
By order dated April 11, 2011, the trial court awarded attorney’s fees, costs, and prejudgment interest totaling $93,806.25 to appellees for services at the trial court level. The fees in the trial court level amounted to $73,295 and were awarded under both sections 733.106 and 57.105. The fees from the trial court proceedings were to be paid out of appellants’ share of the estate pursuant to section 733.106(4). Additionally, the trial court required counsel for appellants to pay 50% of those fees under section 57.105. The court also awarded appellate fees of $33,850 under section 733.106, ordering that those fees be paid from appellants’ share of the estate pursuant to section 733.106(4). The total award was therefore $127,656.25 for fees and costs in the tax apportionment matter in the trial court and in the appeal. The appeal of this order is the subject of Case Number 4D11-1861.
We consolidated the appeals for Case Numbers 4D10-206 and 4D11-1861 for all purposes.

Analysis in Case No. 4D10-206

Section 57.105 Fees

On appeal, appellants first argue that the trial court erred in awarding attorney’s fees under section 57.105, because the law requires that the case be frivolous from its inception and the trial court’s decision to award section 57.105 fees from May 24, 2007 forward indicated that the case was not frivolous at its inception in 2006.
We disagree with appellants’ argument for two reasons. First, the 1999 amend *927 ment to section 57.105 specifically allows the frivolousness of a claim to be measured either when the claim is initially presented to the court or at any time before trial. See Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1142 (Fla. 4th DCA 2001) (“Although a claim may not have been frivolous when initially filed, failure to discharge a party when it becomes evident that there no longer is a justiciable claim or defense may subject a losing party to the penalties of section 57.105.”). Because the 1999 amendment altered the substantive standard for making fee determinations under section 57.105, cases interpreting the language of the former version of the statute are now of little precedential value. Gahn v. Holiday Prop. Bond, Ltd., 826 So.2d 423, 426 (Fla. 2d DCA 2002).
Appellants’ argument relies on language from a Third District case that overlooks the 1999 statutory amendment. See Murphy v. WISH Props., Ltd., 895 So.2d 1088 (Fla. 3d DCA 2004). The Murphy court cited pre-1999 case law to suggest that the frivolousness of a claim must be judged at its inception. In Murphy, the court proclaimed: “The law is clear ... that the mere dismissal of a suit does not necessarily justify an attorney’s fee award if the suit can be considered to have been non-frivolous at its inception.”[2] Id. at 1094. The court went on to quote a pre-1999 case for the proposition that the frivolousness of a claim or defense is to be determined “as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justicia-ble issue in law or fact should not subject the losing party to attorney’s fees.” Id. (quoting Lambert v. Nelson, 573 So.2d 54, 56 (Fla. 1st DCA 1990)) (emphasis added). To the extent Murphy contains language suggesting that the frivolousness of a elaim must be judged at its inception, we disagree with Murphy.
Second, we find that appellants’ claims were in fact frivolous at the time they were initially filed, because they were time-barred. We need not address whether appellants’ claims were frivolous for any other reason.
Section 733.212(3), Florida Statutes (2005), provides:
Any interested person on whom a copy of the notice of administration was served must object to the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules within 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.
(Emphasis added).
In this case, appellants’ petition challenging the will and the qualifications of the personal representative were untimely under section 733.212(3), Florida Statutes. On February 10, 2006, counsel for Smalls served the Notice of Administration by certified mail on appellants Charles Shuck, Carol Shuck, and Sandra Walker. Charles and Carol Shuck received the Notice of Administration on February 13, 2006, and Sandra Walker received it on February 14, *928 2006. However, appellants’ petition was not filed until May 19, 2006, which was over three months after the Notice of Administration.
Appellants suggest that their petition was timely because Florida Probate Rule 5.042 (2006) provided for an additional five-day grace period because service was achieved by mail. This argument is without merit. The relevant version of rule 5.042(d) provides:
(d) Additional Time After Service by Mail. Except when serving formal notice, or when serving a motion, pleading, or other paper in the manner provided for service of formal notice, when an interested person has the right or is required to act within a prescribed period after the service of notice or other paper on the interested person and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
Fla. Prob. R. 5.042(d) (2006) (emphasis added).
Here, the Notice of Administration was served on appellants by formal notice. Because appellants received formal notice, the five-day grace period provided by rule 5.042 was inapplicable and the three-month limitations period expired before the petition was filed.
Moreover, the time period under section 733.212(8) cannot be extended absent fraud, misrepresentation, or misconduct. Cf. Hill v. Davis, 70 So.3d 572, 573-74 (Fla.2011) (holding that section 733.212(3) bars an objection to the qualifications of a personal representative, including an objection that the personal representative was never qualified to serve, if the objection is not timely filed under this statute, except where fraud, misrepresentation, or misconduct with regard to the qualifications is not apparent on the face of the petition or discovered within the statutory time frame). Appellants never alleged any fraud, misrepresentation or misconduct that would justify extending the three-month limitations period.
Finally, appellants also suggest that Smalls did not have standing to seek dismissal of the petition, as he was no longer the personal representative when he filed the motion to dismiss. However, appellants cite no authority which actually supports this argument, and the argument lacks merit. Smalls was an interested person who was entitled to serve written defenses to the petition contesting the will. See Fla. Prob. R. 5.040(a)(1) (2006) (“When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days.... ”). As an interested person who was entitled to raise written defenses to the petition, Smalls certainly had standing to seek dismissal of the petition.
Because the petition was clearly time-barred, we agree with appellees’ argument on cross-appeal that the trial court abused its discretion in failing to award section 57.105 attorney’s fees from the inception of the case. Cf. Zweibach v. Gordimer, 884 So.2d 244 (Fla. 2d DCA 2004) (a time-barred claim may expose a party to an award of fees under section 57.105). Even though appellants were able to persuade the trial court to deny the motion to dismiss, this does not change the fact that their claims were clearly time-barred and were objectively frivolous at the inception of the case. That appellants were able to convince the trial court to make a legally incorrect ruling on the motion to dismiss should not shield them from liability under section 57.105.
Finally, we note that section 57.105(1), Florida Statutes (2007), shifts attorney’s fees and costs to “a losing party and the *929 losing party’s attorney” in equal amounts when the court finds that a claim or defense was not supported by the material facts necessary to establish it, or that it would not be supported by applying then-existing law to those material facts. However, the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. Id. “Fees must be assessed against counsel as provided by statute unless the attorney can show good faith. This places the burden where it should be.” Horticultural Enters. v. Plantas Decorativas, LTDA, 623 So.2d 821, 822 (Fla. 5th DCA 1993).
In this case, the fees awarded under section 57.105 presumptively should have been awarded against both appellants and their counsel. Furthermore, because appellants’ claims were time-barred, this precludes appellants’ attorneys, as a matter of law, from asserting any good faith reliance upon the representations of their clients.

Section 733.106(4.) Fees

Appellants next argue that the trial court erred in awarding fees and costs against only appellants’ share of the estate under section 733.106(4).
Section 733.106(4), Florida Statutes (2007), provides that “[w]hen costs and attorney’s fees are to be paid from the estate, the court may direct from what part of the estate they shall be paid.” In In re Estate of Lane, 562 So.2d 352, 353 (Fla. 4th DCA 1990), however, we limited a trial court’s discretion under section 733.106(4) to circumstances in which the will contestant engaged in “bad faith or wrongdoing.”[3] More recently, we reaffirmed the bad faith requirement pronounced in Lane, but clarified that frivolous litigation would support an assessment of fees under section 733.106(4). See Geary v. Butzel Long, P.C., 13 So.3d 149, 153 (Fla. 4th DCA 2009).
Appellants contend that the trial court should not have awarded fees against only their share of the estate under section 733.106(4), because the trial court did not make any specific finding that appellants’ claims were frivolous or filed in bad faith. However, because we have concluded that appellants’ claims were frivolous from their inception, this is sufficient to satisfy the “bad faith or wrongdoing” requirement of Lane. See Geary, 13 So.3d at 153. Thus, the trial court did not abuse its discretion in assessing fees against appellants’ share of the estate under section 733.106(4).

Conclusion in Case No. 4D10-206

In sum, we affirm on all issues raised in the main appeal, whether or not explicitly addressed in this opinion. As to the cross-appeal, we reverse and remand with directions that the trial court award attorney’s fees under section 57.105 from the inception of the case, with 50% of the fees being awarded against appellants’ lawyers. We also direct that the trial court calculate the amount of prejudgment interest owed, if it has not already done so during the pendency of this appeal. See Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567, 574-75 (Fla.2010) (a trial court may reserve jurisdiction in a final judgment to award prejudgment interest, and an appeal from the final judgment will not divest the trial court of *930 jurisdiction to award prejudgment interest).

Analysis in Case No. 4D11-1861

As noted above, the only trial court order on appeal in Case Number 4D11-1861 is the final judgment awarding appellees attorney’s fees and costs on tax apportionment. We briefly address some of the arguments raised in this appeal.
Notwithstanding the fact that the order on appeal is limited to the tax apportionment matter, appellants argue that the fees awarded were excessive “en toto,” relying in large part on other proceedings between the parties. We decline to address any argument which does not relate to the discrete order on appeal. Moreover, appellants failed to provide this court with an adequate record demonstrating that the trial court’s award as to the amount of fees was not supported by competent substantial evidence. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
We also reject appellants’ argument that the law of the case doctrine precluded the award of section 57.105 fees as to the tax apportionment issue at the trial level. A prior denial of appellate attorney’s fees under section 57.105 does not preclude a trial court’s award of trial level attorney’s fees in the same action under section 57.105. McNamara v. City of Lake Worth, 956 So.2d 509, 510 (Fla. 4th DCA 2007). While an appellate court’s prior denial of appellate fees under section 57.105 is the law of the case for appellate level fees, it is not the law of the case for trial level fees. Labbee v. Harrington, 957 So.2d 1188, 1189 (Fla. Bd DCA 2007). Here, our prior denial of appellate fees under section 57.105 on the tax apportionment issue was not the law of the case as to trial level fees.[4]
Any of appellants’ other arguments not specifically addressed in this opinion have been found to be without merit.

Conclusion in Case No. JDll-1861

We affirm on all issues raised in Case Number 4D11-1861.
Affirmed in part, Reversed in part, and Remanded.
WARNER and CONNER, JJ„ concur.

. For ease of reference, we will refer to the parties as appellants and appellees, rather than appellants/cross-appellees and appel-lees/cross-appellants.

. In Hustad v. Architectural Studio, Inc., 958 So.2d 569, 570 (Fla. 4th DCA 2007), this court quoted Murphy for the proposition that the "mere dismissal of a suit does not necessarily justify an attorney’s fee award if the suit can be considered to have been non-frivolous at its inception.” However, we also explained that "the trial court must make an inquiry into what the losing party knew or should have known during the fact-establishment process, both before and after suit is filed." Id. at 571 (citation and internal quotations omitted; emphasis added).

. Although the Florida Supreme Court did not specifically mention a "bad faith” requirement when it discussed section 733.106(4) in Carman v. Gilbert, 641 So.2d 1323, 1326 (Fla.1994), we do not read Carman as explicitly or implicitly overruling Lane. The issue of whether Lane correctly interpreted section 733.106(4) was not before the court in Car-man.

. Appellants' reliance on Langer v. Fels, 93 So.3d 1069 (Fla. 4th DCA 2012), is misplaced. There, we recently held that the law of the case doctrine applied to bar a fee award where appellate attorney’s fees were denied during the original appeal on the merits under the same statutory provisions that the trial court determined would entitle the party to a fee award at the trial level. Id. at 1072. However, Langer is distinguishable, as that case did not involve section 57.105 fees.