16 So.3d 855 (2009)
WESTGATE MIAMI BEACH, LTD., Appellant,
v.
NEWPORT OPERATING CORP., Appellee.
No. 3D09-264.
District Court of Appeal of Florida, Third District.
June 3, 2009.
Opinion Granting Certification September 16, 2009.
Rehearing and Rehearing En Banc Denied September 16, 2009.
Robert P. Frankel & Associates and Robert P. Frankel, Miami, for appellant.
Arnstein & Lehr and Franklin L. Zemel and John M. Cooney, Fort Lauderdale, for appellee.
*856 Before COPE, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, J.
The plaintiff, Westgate Miami Beach, Ltd. ("the plaintiff"), appeals from a non-final order denying its motion to assess prejudgment interest. We affirm.
In 2007, the trial court issued a $7.7 million[1] judgment in favor of the plaintiff against the defendant, Newport Operating Corp. ("Newport"). The judgment that was rendered and styled as a "Final Judgment," found that the plaintiff was entitled to prejudgment interest. However, since the amount had not yet been determined, the judgment provided that "[a] separate order will be entered awarding prejudgment interest."
Thereafter, the plaintiff moved to assess prejudgment interest without challenging or objecting to the final judgment's provision for a delayed award of prejudgment interest by separate order. At the subsequent hearing on the plaintiff's motion, the trial court stated that it would rule on the issue of prejudgment interest at a later date. Neither party objected or indicated to the trial court that delaying the determination of prejudgment interest might prove problematic, and in fact, the record reflects that the lawyers mistakenly believed that the trial court could indefinitely retain jurisdiction to award prejudgment interest once entitlement was established.
Thus, without obtaining a ruling as to the amount of prejudgment interest, the plaintiff filed a notice of appeal from the final judgment with this Court. The final judgment of the trial court was affirmed, Newport Operating Corp. v. Westgate Miami Beach, Ltd., 982 So.2d 698 (Fla. 3d DCA 2008) (table), and this Court's mandate issued in June 2008.
On July 31, 2008, after the issuance of this Court's mandate, the parties attended another hearing on the plaintiff's motion to assess prejudgment interest. At this hearing, Newport argued for the first time that because the final judgment affirmed on appeal did not contain a liquidated, sum-certain amount of prejudgment interest, the trial court no longer had jurisdiction to award prejudgment interest by way of a separate order. The trial court agreed with Newport that it no longer had jurisdiction to award prejudgment interest and informed the parties that it intended to deny the plaintiff's motion to assess prejudgment interest. The trial court also expressed its intention to release Newport from an approximately $2 million letter of credit executed in lieu of a supersedeas bond. No formal orders were issued.
After the July 31 hearing, the plaintiff petitioned this Court for a writ of prohibition and a writ of mandamus, seeking to prohibit the trial court from releasing the letter of credit, and to compel the trial court to calculate and award prejudgment interest. The plaintiff also moved this Court to enforce its mandate. Three different panels of this Court denied the petitions and the motion.
The parties returned to the trial court on January 7, 2009. The trial court issued a non-final order releasing the letter of credit, and the instant non-final order denying the plaintiff's motion to assess prejudgment interest. The trial court's decision was based on the rule announced in McGurn v. Scott, 596 So.2d 1042 (Fla. 1992), and the cases that flow from McGurn.
*857 In McGurn, the Florida Supreme Court held that:
By reserving jurisdiction to address the issue of prejudgment interest, the [] trial court failed to dispose of all material issues in controversy and, therefore, the order was not final. It is improper for a trial judge to render an order which in all respects appears to be an ordinary final money judgment, but which leaves the determination of prejudgment interest for future adjudication.
Id. at 1044. Additionally, the Florida Supreme Court in McGurn held that while the trial court may determine the prejudgment interest damages separate from a determination of other damages and enter an interlocutory order setting forth the prejudgment interest to be awarded, a judgment awarding general damages while reserving jurisdiction on the amount of damages in the form of prejudgment interest, is technically not a final order. Id. at 1044-45.
While a judgment that reserves jurisdiction to award prejudgment interest technically is not a final order, the Florida Supreme Court in McGurn held that:
[I]f a trial court improperly renders such a judgment which appears to be, or has the attributes of a final judgment, the order will be deemed to have become a final judgment requiring review by immediate appeal. Further, because an appellate court's jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter. Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorneys' fees and costs.
Id. at 1045 (citation omitted).
The fact that the trial court determined the plaintiff's entitlement to pre-judgment interest before the judgment was appealed does not alter this conclusion. We find, as the Fourth District Court of Appeal found in Avatar Development Corp. v. DeAngelis, 944 So.2d 1107, 1107 (Fla. 4th DCA 2006), that whether the trial court has determined a party's entitlement to prejudgment interest does not affect McGurn's applicability.
The harshness of the ruling in McGurn is softened, to some extent, by Florida Rule of Civil Procedure 1.530(b), and Florida Rule of Appellate Procedure 9.600(b). Rule 1.530(b) empowers the plaintiff to file a motion for rehearing to correct the improper final judgment. See Emerald Coast Commc'ns, Inc. v. Carter, 780 So.2d 968, 970 (Fla. 1st DCA 2001). Rule 9.600(b) provides: "If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specially stated matters during the pendency of the appeal." The record reflects that the plaintiff did not avail himself of either of these two options.
Based upon the style and form of the judgment appealed, and the plaintiff's failure to correct the judgment prior to the issuance of the mandate, Newport argues that the plaintiff waived its right to prejudgment interest. The plaintiff responds that the motion it filed pre-appeal to assess prejudgment interest, which sought to correct the improper final judgment, should be construed as a Rule 1.530(b) motion for rehearing, and that the filing of this motion demonstrates that the plaintiff did not waive its right to prejudgment interest. The plaintiff additionally argues that judicial estoppel and the invited error doctrine precludes Newport from raising any objection to the trial court's failure to determine the prejudgment interest prior *858 to the issuance of this Court's mandate. We are not persuaded by either argument.
In addressing the plaintiff's first argument, we note that nowhere in the plaintiff's motion or revised motion does the plaintiff take issue with, object to, or otherwise challenge the final judgment's provision for a later determination of prejudgment interest. Therefore, like the trial court, we refuse to construe the plaintiff's motion to assess prejudgment interest as a rule 1.530(b) motion for rehearing.
Additionally, the plaintiff filed its notice of appeal prior to obtaining a ruling by the trial court on the motion and failed to pursue any of its appellate remedies to obtain a ruling on the motion. While the plaintiff could have sought a writ of mandamus and a relinquishment of jurisdiction by this Court to compel the trial court to determine the prejudgment interest and submit its order setting the amount during the pendency of the appeal, it failed to do so. It is clear that the reason these remedies were not sought is because the plaintiff believed that, similar to attorney's fees and costs, the trial court could determine entitlement, reserve jurisdiction to award the amount of prejudgment interest, calculate the amount, and submit a separate order after the appeal. While the plaintiff did not intend to waive its right to prejudgment interest, it has been waived nevertheless. See Avatar, 944 So.2d at 1108 (holding that the option of returning limited jurisdiction to the trial court is foreclosed upon the issuance of the district court's mandate).
The plaintiff's second argument is equally unavailing. A complete review of the record reflects that counsel for Newport did not unilaterally lead the trial court to error. It appears that the lawyers and the trial court were all operating under the same misapprehension of the law. Thus, the invited error doctrine and judicial estoppel do not provide the relief the plaintiff now seeks.
Once the plaintiff took an appeal from the final order (along with its improper prejudgment interest provision) without challenging the provision by way of a rule 1.530(b) motion for rehearing, exclusive jurisdiction over the subject matter of the final order, excluding attorneys' fees and costs, was vested with this Court. McGurn, 596 So.2d at 1045. Because the plaintiff then allowed this Court to affirm the final judgment without requesting that we relinquish jurisdiction to the trial court before issuing the mandate, we have no choice but to conclude that the plaintiff waived any right to an award of prejudgment interest. Furthermore, even if we were to conclude that this case involved the invited error doctrine or judicial estoppel, which we do not, it is equally clear that those doctrines may not now be used to confer jurisdiction over the subject matterhere, prejudgment interest. See, e.g., FCCI Mut. Ins. Co. v. Cayce's Excavation, Inc., 675 So.2d 1028, 1029 (Fla. 1st DCA 1996); Fla. Exp. Tobacco Co. v. Dep't of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA 1987).
In sum, the conclusion is inescapable that McGurn is applicable to the facts of this case. The plaintiff waived any right to prejudgment interest it may have possessed, and the trial court has been irreparably divested of jurisdiction over the issue. Neither the parties' alleged agreement, nor the doctrine of judicial estoppel, provides an escape from the well-settled rule established by McGurn and the cases that flow from McGurn. Moreover, we decline to hold that the improper provision in the trial court's judgment was invited solely by counsel for Newport.
*859 This Court understands how the trial court and the parties mistakenly believed that the amount of prejudgment interest could be determined in post-appeal proceedings. After all, the distinction between an award of prejudgment interest and an award of attorneys' fees and costs is not immediately obvious. We also recognize that our decision imposes a harsh result upon one side; however, under the clear-cut rule set forth in Florida's case law, we are compelled to affirm.
Affirmed.
COPE, J., (concurring).
We reach an unfair result in this case because the decision in McGurn v. Scott, 596 So.2d 1042 (Fla.1992), requires us to do so. I entirely agree with Judge Rothenberg's thorough discussion and conclusion that the denial of prejudgment interest is required by McGurn.
In my view, the McGurn rule should be revisited.
As stated in the majority opinion, the plaintiff prevailed after a bench trial in an accounting case. The plaintiff drafted, and the trial court signed, the final judgment. The final judgment included a provision which stated, "Separate order will be entered awarding prejudgment interest."
Within ten days, the plaintiff filed a motion to assess prejudgment interest. The claim was $2,067,444.30, based on an accounting worksheet. Both parties also filed other timely postjudgment motions.
At the hearing on postjudgment motions, the plaintiff requested that the trial court set the prejudgment interest amount. The defendant objected, saying that the plaintiff's method of calculation was incorrect and yielded a result which was too high. The defendant stated that an evidentiary hearing would be needed.
The trial judge said that she was leaving on vacation and her schedule was completely full for the month after she returned from vacation. The defendant explained that it wanted to take an immediate appeal. The judge asked whether the hearing on prejudgment interest could be deferred while the parties appealed. The defendant was particularly vocal that this would be entirely permissible.[2] The plaintiff did not object.
Both parties filed notices of appeal. During the appeal, the defendant never attacked the reservation of jurisdiction. The defendant never made any argument that the appeal was premature because of the reservation of jurisdiction.
At some point the defendant became aware of the McGurn decision. That decision states that by taking an appeal, "the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorney's fees and costs." 596 So.2d at 1045.
After the mandate, the trial court conducted a hearing pursuant to the reservation of jurisdiction. The defendant informed the court about McGurn. On the basis of McGurn, the trial court denied prejudgment interest and the plaintiff has appealed.
The question in McGurn was whether a final judgment was "final" for purposes of appeal if it contained a reservation of jurisdiction to determine prejudgment interest. Prior to McGurn, precedent in this district allowed such a reservation. Id. at 1043.
The McGurn court took the position that prejudgment interest is an element of *860 damages, and held that it is improper to include such a reservation in a final judgment. Id. at 1044-45. The court ruled that if such a judgment is appealed, the prejudgment interest claim is waived. Id. at 1045.
As a preliminary matter, the McGurn decision seems to rest on a theory that every civil case is litigated from a complaint to a final judgment with all issues decided except attorney's fees and costs. But to this rule we recognize many exceptions. In appropriate cases we allow bifurcated proceedings or severance of claims. Where provisional remedies are involved, we allow immediate appeals in injunction cases, receivership matters, and rulings deciding the immediate possession of property. As the majority opinion points out, determination of prejudgment interest bears a resemblance to the determination of attorney's fees and costs, and as an original proposition, it is hard to see why such a reservation of jurisdiction should not be allowed.
The more substantial problem, however, is inadvertent waiver. To the extent possible, procedural rules should operate so as to avoid the unintentional loss of substantive rights. Ordinarily when a final judgment is entered which is not truly "final," the appeal is subject to dismissal on motion by the appellee or the court's own motion. See generally Fla. R.App. P. 9.110(l). The advantage of such a rule is that the matter can be returned to the trial court for completion of the judicial labor, and there is no inadvertent loss of rights.[3]
Florida has a long standing public policy in favor of adjudication of disputes on the merits wherever possible. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962). It would better serve that policy to modify the McGurn rule to eliminate the automatic waiver. An appeal containing an improper reservation of jurisdiction should be subject to dismissal on motion of a party, or the court. This is the procedure for dealing with other premature appeals, and it is hard to see a good reason why an improvident retention of jurisdiction should be treated differently.

On Motion for Certification
PER CURIAM.
We grant the motion for certification. As stated in the majority and concurring opinions, it is our view that the rule in McGurn v. Scott, 596 So.2d 1042 (Fla. 1992), should be revisited. The Florida Supreme Court has said that the district courts of appeal may suggest a change in law by certifying questions. Strickland v. State, 437 So.2d 150, 152 (Fla.1983); Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973). We certify that we have passed on the following questions of great public importance:
WHERE THERE HAS BEEN AN AGREEMENT ON, OR NO OBJECTION TO, A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE RESERVATION BE UPHELD IN ORDER TO PREVENT AN INJUSTICE NOTWITHSTANDING THE RULE IN MCGURN V. SCOTT, 596 So.2d 1042 (Fla.1992)?
WHERE A JUDGMENT CONTAINS A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE APPEAL *861 OF SUCH A JUDGMENT BE TREATED AS A PREMATURE APPEAL UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.100(l), OR MUST THE APPEAL BE TREATED AS ACCOMPLISHING A WAIVER OF PREJUDGMENT INTEREST PURSUANT TO McGURN V. SCOTT, 596 So.2d 1042 (Fla.1992)?
WHETHER A TRIAL COURT SHOULD BE ALLOWED TO RESERVE JURISDICTION TO AWARD PREJUDGMENT INTEREST POST-APPEAL AS IT CAN WITH ATTORNEYS' FEES AND COSTS?
Certification granted.
NOTES
[1] On June 13, 2007, the final judgment was amended to reflect approximately $5 million in damages.
[2] The plaintiff acknowledges that the defendant's representations on this matter were innocently done.
[3] Waivers of prejudgment interest on the basis of McGurn have occurred in Avatar Dev. Corp. v. DeAngelis, 944 So.2d 1107 (Fla. 4th DCA 2006); Home Ins. Co. v. Crawford & Co., 890 So.2d 1186 (Fla. 4th DCA 2005); Emerald Coast Commc'ns, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001).