PARIENTE, J.
 

 This case is before the Court for review of the decision of the Third District Court of Appeal in
 
 Westgate Miami Beach, Ltd. v. Newport Operating Corp.,
 
 16 So.3d 855 (Fla. 3d DCA 2009), regarding an issue of prejudgment interest. In its decision, the district court expressed concern about the current state of the law and certified to this Court three questions of great public importance.
 
 [1]
 
 We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 
 *570
 
 The certified questions essentially ask whether this Court should recede from its precedent in order to avoid the inadvertent waiver of prejudgment interest. In
 
 McGurn v. Scott,
 
 596 So.2d 1042 (Fla.1992), this Court held that the reservation of jurisdiction to award prejudgment interest in an order purporting to be a final judgment is improper because prejudgment interest is an element of damages.
 
 Id.
 
 at 1044. The Court further held that although such a judgment is technically not a final order, it will be deemed to be final for purposes of appeal, because the order grants the plaintiff the right to execute against the defendant’s assets.
 
 Id.
 
 at 1044-45. Further, under
 
 McGum,
 
 once an appeal is taken, the trial court then lacks jurisdiction to rule on the issue of prejudgment interest and the plaintiff will be deemed to have waived the matter of prejudgment interest.
 
 Id.
 
 at 1045.
 

 The application of the
 
 McGum
 
 rule has resulted in the inadvertent waiver of prejudgment interest where the trial court, often at the behest of the parties, enters a final judgment but reserves jurisdiction to award prejudgment interest. Because we conclude that the trial court should be allowed to decide the issue of prejudgment interest separately, we recede from
 
 McGum
 
 and answer the following rephrased certified question in the affirmative:
 
 [2]
 

 SHOULD A TRIAL COURT BE ALLOWED TO RESERVE JURISDICTION IN A FINAL JUDGMENT TO AWARD PREJUDGMENT INTEREST?
 

 In answering this rephrased certified question in the affirmative, our intent is to promote judicial economy and prevent unfairness to either party. We conclude that a final judgment reserving jurisdiction to award prejudgment interest is a final ap-pealable order but that the trial court does not lose jurisdiction to determine prejudgment interest in a manner similar to that in which the trial court addresses attorneys’ fees and costs.
 

 FACTS AND PROCEDURAL HISTORY
 

 Petitioner, Westgate Miami Beach, Ltd., along with Marci Rochkind, sued Respondent, Newport Operating Corporation, along with Atlantic Resort Development, Ltd., and Five Seas Investors, Inc., for claims arising out of a series of commercial disputes involving timeshare agreements at the Newport Beachside Hotel, located in Sunny Isles Beach, Florida. In an order entitled “Final Judgment” dated May 18, 2007, the trial court found in favor of Westgate and awarded $7,744,169 in damages. The Final Judgment included the language “for which let execution issue.” The Final Judgment further provided, “A separate order will be entered awarding prejudgment interest.”
 

 Westgate promptly filed a motion to assess prejudgment interest, which included Westgate’s calculation of prejudgment interest on the $7.7 million damage award. The motion stated: “Since the amount of the compensatory damages have been fixed in the Final Judgment and it is a ministerial act to calculate and assess the
 
 *571
 
 prejudgment interest, [Westgate] ... requests an award of prejudgment interest consistent with the ... Final Judgment and the applicable Florida law.”
 

 At a hearing on June 8, 2007⅛ the trial court heard argument from Newport’s counsel that the $7.7 million in damages was incorrect — that the amount should instead have been around $5 million. The trial court stated that it needed to revisit the damages issue and that it might amend the amount of damages.
 

 Newport’s counsel also contended that Westgate was not entitled to prejudgment interest. The trial court disagreed and stated that Westgate was entitled to prejudgment interest, but that the matter would need to be heard at a separate time, after the trial court determined the correct amount of damages. However, the trial court indicated that the hearing on prejudgment interest might be delayed until September. Newport’s counsel asserted that as long as the trial court had found entitlement, the final judgment was a final order that could be appealed and the amount of prejudgment interest could be calculated after the appeal. Westport’s counsel did not object or otherwise indicate that prejudgment interest could not be awarded after the appeal. It appears that neither party nor the trial court was aware of the
 
 McGurn
 
 rule.
 
 [3]
 

 Subsequently, on June 13, 2007, the trial court issued an order amending the amount of damages in the Final Judgment from $7,744,169 to $5,000,867. Westgate then filed a Revised Motion to Assess Prejudgment Interest on June 19, 2007. The motion provided Westgate’s calculation of prejudgment interest on the new damages award amount and requested that an order assessing prejudgment interest be entered.
 

 Although no order was entered regarding prejudgment interest, Westgate and Newport both filed separate appeals to the Third District Court of Appeal. The appeals were consolidated, and the Third District affirmed the trial court in an une-laborated per curiam decision.
 
 Newport Operating Corp. v. Westgate Miami Beach, Ltd,.,
 
 982 So.2d 698 (Fla. 3d DCA 2008).
 

 After the Third District issued its mandate, Westgate again requested the trial court to assess prejudgment interest, asserting that Newport could not contest Westgate’s entitlement to prejudgment interest because the final judgment had been affirmed. Newport filed a response, arguing for the first time that the trial court was without jurisdiction to award prejudgment interest because Westgate had waived it by appealing, pursuant to the rule in
 
 McGurn v. Scott.
 
 In a hearing on the motion, the trial court, although apologetic, agreed with Newport that the trial court had lost its jurisdiction and that Westgate had waived its right to prejudgment interest. The trial court ultimately denied Westgate’s motion to assess prejudgment interest, based on
 
 McGum
 
 and its progeny. The court also granted Newport’s motion to release the letter of credit that had been executed in lieu of a super-sedeas bond.
 
 [4]
 

 
 *572
 
 Westgate appealed the order denying Westgate’s motion to assess prejudgment interest to the Third District. Based on
 
 McGum,
 
 the Third District affirmed the trial court’s order, but ultimately certified three questions of great public importance to this Court.
 
 Westgate Miami Beach, Ltd.,
 
 16 So.3d at 859-61.
 

 Judge Cope concurred, writing separately to express his view that the
 
 McGum
 
 rule should be revisited.
 
 Id.
 
 at 859-60 (Cope, J., concurring). He noted, as a preliminary matter, that the
 
 McGum
 
 decision seems “to rest on a theory that every civil case is litigated from a complaint to a final judgment with all issues decided except attorney’s fees and costs.”
 
 Id.
 
 at 860. He pointed out that there are many exceptions to this rule, including bifurcated proceedings or severance of claims, immediate appeals in injunction cases, receivership matters, and rulings deciding the immediate possession of property.
 
 Id.
 

 Judge Cope also likened prejudgment interest to attorneys’ fees and costs, stating that “it is hard to see why such a reservation of jurisdiction should not be allowed.”
 
 Id.
 
 In Judge Cope’s view, the more substantial problem with the
 
 McGum
 
 rule is inadvertent waiver because, to the extent possible, procedural rules should operate so as to avoid the unintentional loss of substantive rights.
 
 Id.
 

 ANALYSIS
 

 In analyzing this issue, we will first discuss
 
 McGum.
 
 Then, we will discuss why we recede from
 
 McGum
 
 and instead hold that a trial judge may reserve jurisdiction to award prejudgment interest, as with attorneys’ fees and costs. Finally, we discuss this case.
 

 This Court’s Decision in
 
 MeGurn
 

 In
 
 McGurn v. Scott,
 
 596 So.2d 1042 (Fla.1992), this Court considered the issue of whether a trial court may issue a final appealable order while reserving jurisdiction to award prejudgment interest. In that case, the trial court entered a judgment awarding damages to Scott, but reserving jurisdiction to award appropriate costs, prejudgment interest, and attorneys’ fees upon proper motion of the parties.
 
 Id.
 
 at 1043. MeGurn then appealed.
 
 Id.
 
 Scott filed a motion with the district court requesting that it relinquish jurisdiction to the trial court to consider his motion for award of prejudgment interest.
 
 Id.
 
 The district court dismissed the appeal, stating that the judgment being appealed was not final.
 
 Id.
 

 In reviewing the issue, this Court first examined what constitutes a final judgment for purposes of appeal:
 

 It is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment. Final judgments or orders determine the rights and liabilities of all parties with reference to the matters in'controversy and leave nothing of a judicial character to be done.
 

 Id.
 
 (citation and internal quotation marks omitted). This Court noted, however, that the reservation of jurisdiction to award costs or attorneys’ fees does not affect the finality of an underlying judgment for purposes of appeal.
 
 Id.
 
 at 1044. The rationale behind this is “that an award of attorneys’ fees or costs is ancillary to, and does not interfere with, the subject matter of the appeal and, thus, is incidental to the main adjudication.”
 
 Id.
 

 MeGurn argued that the calculation of prejudgment interest is generally straightforward and ministerial and therefore a
 
 *573
 
 reservation of jurisdiction to award prejudgment interest should be treated similar to a reservation to award attorneys’ fees and costs.
 
 Id.
 
 The Court disagreed, reasoning:
 

 This Court has previously held that prejudgment interest is awarded as just compensation to those who are damaged by having their property withheld from them or destroyed.
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212 (Fla.1985). Thus, “prejudgment interest is merely another element of pecuniary damages.”
 
 Id.
 
 at 214. An element of damages is not ancillary to the subject matter of the cause regardless of how straight-forward and ministerial the calculation of those damages may be. Therefore, the determination of prejudgment interest is directly related to the cause at issue and is not incidental to the main adjudication.
 

 Id.
 
 Thus, because the determination of prejudgment interest is directly related to the cause at issue, “[b]y reserving jurisdiction to address the issue of prejudgment interest, the instant trial court failed to dispose of all material issues in controversy and, therefore, the order was not final.”
 
 Id.
 

 In the event that a trial court wished to determine prejudgment interest separate from the determination of other damages, this Court recommended that “the trial court ... issue an interlocutory order setting forth the ‘damages already determined. This would in effect liquidate those damages, if not already liquidated, and interest on those damages would start to accrue.”
 
 Id.
 

 Although the Court held that the trial court’s order was not final, it did not agree that the appeal was premature and should have been dismissed.
 
 Id.
 
 The Court stated that ruling that the appeal was premature would create a procedural quandary:
 

 The judgment’s appearance as a final order upon which execution could have issued placed McGurn in a procedural quandary. If the judgment were considered an interlocutory order, McGurn would be unable to exercise his right to both an appeal and a supersedeas to stay the enforcement of the judgment. Yet, the order granted Scott the right to let execution issue against McGurn’s property.
 

 Further, had McGurn not filed the appeal, he may have been precluded from doing so at a later date.
 

 Id.
 
 at 1044-45. Therefore, the Court held:
 

 [I]f a trial court improperly renders such a judgment which appears to be, or has the attributes of a final judgment, the order will be deemed to have become a final judgment requiring review by immediate appeal. Further, because an appellate court’s jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter.
 
 See Willey v. W.J. Hoggson Corp.,
 
 89 Fla. 446, 105 So. 126 (1925). Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorneys’ fees and costs. However, under Florida Rule of Appellate Procedure 9.600(b), the district court may in its discretion direct the trial court to address matters improperly reserved if the district court decides it is equitable to do so.
 

 Id.
 
 at 1045.
 
 [5]
 
 Because
 
 McGum
 
 at the time was a case of first impression, this Court
 
 *574
 
 instructed the district court to direct the trial court under rule 9.600(b) to make a determination as to the amount of prejudgment interest.
 
 Id.
 

 Receding from
 
 McGurn
 

 When considering whether to recede from precedent, this Court has explained: “The doctrine of stare decisis counsels us to follow our precedents unless there has been ‘a significant change in circumstances after the adoption of the legal rule, or ... an error in legal analysis.’ ”
 
 Rotemi Realty, Inc. v. Act Realty Co.,
 
 911 So.2d 1181, 1188 (Fla.2005) (quoting
 
 Dorsey v. State,
 
 868 So.2d 1192, 1199 (Fla.2003)). “Fidelity to precedent provides stability to the law and to the society governed by that law. However, the doctrine does not command blind allegiance to precedent. Stare decisis yields when an established rule of law has proven unacceptable or unworkable in practice.”
 
 State v. Green,
 
 944 So.2d 208, 217 (Fla.2006) (citations and internal quotation marks omitted). We conclude that
 
 McGurn
 
 has proven to cause an injustice in practice because it rests on an impractical legal fiction. Under
 
 McGurn,
 
 an order that is non-final (because it includes a reservation to award prejudgment interest) will nonetheless be treated as final and deprive the trial court of jurisdiction to award prejudgment interest; thus, the plaintiff will be deemed to have waived the right to prejudgment interest. This impractical legal fiction has resulted in the inadvertent waiver of the valuable right to prejudgment interest, a result that procedural rules should operate to avoid. As stated by Judge Cope in his concurring opinion in this case:
 

 To the extent possible, procedural rules should operate so as to avoid the unintentional loss of substantive rights....
 

 Florida has a long standing public policy in favor of adjudication of disputes on the merits wherever possible.
 
 See North Shore Hospital, Inc. v. Barber,
 
 143 So.2d 849, 852-53 (Fla.1962). It would better serve that policy to modify the
 
 McGurn
 
 rule to eliminate the automatic waiver.
 

 Westgate,
 
 16 So.3d at 860 (Cope, J., concurring). From a common sense point of view, no plaintiff would ever intentionally waive the right to prejudgment interest to which he or she is entitled. A review of the district court cases discussing the issue reveals that plaintiffs appear to have inadvertently waived the right to prejudgment interest on at least six occasions.
 
 [6]
 
 Although inadvertent waiver does not appear to be a pervasive problem, the district court cases following
 
 McGurn
 
 are indicative of the problem caused by the current rule: inadvertent waiver of prejudgment interest, which can be a substantial sum of money — here, approximately $2 million— and which is intended to make the plaintiff whole by accounting for the time-value of money. Accordingly, we recede from
 
 McGurn.
 

 In receding from
 
 McGurn,
 
 for the reasons explained below, we answer the rephrased certified question in the affirmative and hold that a trial court is allowed to reserve jurisdiction in a final
 
 *575
 
 judgment to award prejudgment interest in a manner similar to attorneys’ fees and costs. In other words, an appeal from the final judgment will not divest the trial court of jurisdiction to award prejudgment interest, thereby avoiding inadvertent waiver. Because of the procedural quandary recognized in
 
 McGum,
 
 we do not recede from
 
 McGum’s
 
 holding that a final judgment that authorizes execution but reserves jurisdiction to award prejudgment interest will be considered final for purposes of appeal.
 
 [7]
 

 In holding that a trial court is allowed to reserve jurisdiction to award prejudgment interest, we find it significant that for all practical reasons, prejudgment interest is more akin to attorneys’ fees and costs than other elements of damages.
 
 [8]
 
 Attorneys’ fees, costs, and prejudgment interest are all matters for the judge to calculate and award, rather than the finder of fact. Also, prejudgment interest is calculated after a verdict liquidates the plaintiffs pecuniary losses; in other words, prejudgment interest cannot be determined until the conclusion of the case, when a verdict is rendered. Attorneys’ fees and costs are also calculated at the completion of the case. Although prejudgment interest is not incidental to the final judgment like attorneys’ fees and costs, the issue of prejudgment interest does not alter the substance of the underlying final judgment. We conclude that allowing the trial court to treat prejudgment interest like attorneys’ fees and costs will further, rather than impede, the administration of justice.
 

 We have also considered the alternative options posed by the other questions certified to us by the Third District and conclude that these options each have potential drawbacks. The first option would be to allow reservation of jurisdiction based on agreement, or lack of objection, of the parties. However, under this option, there is the concern that disputes over whether the parties agree or do not object would lead to further litigation. Additionally, parties who do not know that they can agree to the trial court determining prejudgment interest at a later time may inadvertently waive their right to prejudgment interest — a problem that we seek to remedy. As to this option, we conclude that it would be more prudent to treat all cases involving prejudgment interest alike rather than carving out an exception based on agreement or lack of objection by the parties.
 

 The second option would be to treat an appeal from a final judgment reserving jurisdiction to determine prejudgment interest as a premature appeal under Florida Rule of Appellate Procedure 9.110(£ ).
 
 [9]
 
 However, under this option, there remains the potential for inadvertent waiver if the parties and the district court do not recognize that the appeal is premature. Further, the district courts are in disagree
 
 *576
 
 ment as to whether an appeal from a judgment that authorizes execution upon a defendant’s assets can be considered premature for purposes of appeal.
 
 [10]
 
 Finally, under this option, the potential for the procedural quandary recognized in
 
 McGum
 
 remains: the final judgment appears to authorize execution upon the defendant’s assets, yet the defendant cannot appeal the judgment.
 

 After noting the practical similarities of prejudgment interest to attorneys’ fees and costs and concluding that the other options posed to us have drawbacks, we have concluded that allowing trial courts to reserve jurisdiction in the final judgment to award prejudgment interest is the most appropriate course of action in receding from
 
 McGum
 
 to avoid the inadvertent waiver of prejudgment interest.
 

 Newport asserts, however, that by allowing a trial court to reserve jurisdiction in a final judgment to award prejudgment interest, we would be receding from
 
 Argonaut Insurance Co.,
 
 474 So.2d at 214-15, and thus from a hundred years of case law holding that prejudgment interest is an element of damages. We disagree. Although
 
 Argonaut
 
 recognized that prejudgment interest is an element of damages, it held that the issue of prejudgment interest is a discrete issue to be determined by the trial court, not the finder of fact. We find nothing in
 
 Argonaut
 
 that is inconsistent with receding from
 
 McGum
 
 and instead holding that prejudgment interest, al-though technically an element of damages, may be awarded separately from the main final judgment because it is solely dependent on the amount of other damages awarded in the final judgment and is a calculation to be done by the trial court.
 

 Our decision to recede from
 
 McGum
 
 should be interpreted not as a mandatory directive for trial courts to always reserve jurisdiction to award prejudgment interest when considering whether to enter a final judgment, but rather as a viable option available to the trial court. Trial courts may still enter interlocutory orders, as recognized by
 
 McGum,
 
 “setting forth the damages already determined. This would in effect liquidate those damages, if not already liquidated, and interest on those damages would start to accrue.” 596 So.2d at 1044. An interlocutory order would fix the amount of damages already determined and allow a trial court to wait until prejudgment interest is calculated before entering a final judgment.
 

 In most cases, the calculation of prejudgment interest is a ministerial calculation. In such a scenario, we encourage the parties to include the amount in the final judgment, thereby saving judicial labor and avoiding the potential of a separate appeal of the prejudgment interest award. However, where the amount or manner of calculation of prejudgment interest is contested (as it was in this case) or entitlement is disputed, and the trial
 
 *577
 
 court requires additional evidence or a hearing on the matter, we see no reason that the trial court cannot either enter an interlocutory order on the damages already determined or enter a final judgment that reserves jurisdiction to award prejudgment interest. However, regardless of whether the calculation is contested, we hold that a trial court may award prejudgment interest in a separate order, which is separately appealable.
 

 Finally, we note that when a trial court enters a final judgment reserving jurisdiction to award prejudgment interest, the final judgment should be clear as to whether entitlement to prejudgment interest has been determined and whether all that remains is the calculation of the amount. This clarity is important because it will affect whether the issue of entitlement is reviewable on appeal from the final judgment.
 

 This Case
 

 In this case, the trial court entered a final judgment that authorized execution upon Newport’s assets. The order also retained jurisdiction for purposes of assessing attorneys’ fees and costs and, with regard to prejudgment interest, stated: “A separate order will be entered awarding prejudgment interest.” Accordingly, the trial court indicated in its judgment that it was reserving jurisdiction to award prejudgment interest.
 

 CONCLUSION
 

 For the reasons explained above, we answer the rephrased certified question in the affirmative. We conclude that a final judgment reserving jurisdiction to award prejudgment interest is a final appealable order but that the trial court does not lose jurisdiction to determine prejudgment interest in a manner similar to that in which the trial court addresses attorneys’ fees and costs. We quash the decision of the district court and remand this case to the district court with directions to remand to trial court for a calculation and award of prejudgment interest in this case.
 
 [11]
 

 It is so ordered.
 

 CANADY, C.J., and LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
 

 POLSTON, J., concurs in result.
 

 [1]
 

 . The three questions as certified are:
 

 WHERE THERE HAS BEEN AN AGREEMENT ON, OR NO OBJECTION TO, A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE RESERVATION BE UPHELD IN ORDER TO PREVENT AN INJUSTICE NOTWITHSTANDING THE RULE IN
 
 MCGURN V. SCOTT,
 
 596 So.2d 1042 (Fla. 1992)?
 

 WHERE A JUDGMENT CONTAINS A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE APPEAL OF SUCH A JUDGMENT BE TREATED AS A PREMATURE APPEAL UNDER FLORIDA RULE OF APPELLATE PROCEDURE [9.110(7) ], OR MUST THE APPEAL BE TREATED AS ACCOMPLISHING A WAIVER OF PREJUDGMENT INTEREST PURSUANT TO
 
 *570
 

 MCGURN
 
 V.
 
 SCOTT,
 
 596 So.2d 1042 (Fla.1992)?
 

 WHETHER A TRIAL COURT SHOULD BE ALLOWED TO RESERVE JURISDICTION TO AWARD PREJUDGMENT INTEREST POST-APPEAL AS IT CAN WITH ATTORNEYS' FEES AND COSTS?
 

 Id.
 
 at 860-61.
 

 [2]
 

 . Because we have determined that the most appropriate option in receding from
 
 McGum
 
 is to treat prejudgment interest in a manner similar to attorneys' fees and costs, we do not need to address the first and second certified questions.
 

 [3]
 

 . In oral argument before this Court, counsel for respondent expressly acknowledged that although he was an experienced attorney, he was unaware of
 
 McGum.
 

 [4]
 

 . In order to stay execution of the final judgment, Newport had posted a letter of credit for the approximately $5 million in damages, plus 22%, as required by Florida Rule of Appellate Procedure 9.310(b)(1). Newport also had agreed to increase the letter of credit by around $2 million to include the prejudgment interest to which Westgate claimed it was entitled, without waiving any objection Newport had to Westgate’s entitlement to, or the amount of, prejudgment interest.
 

 [5]
 

 .
 
 McGum
 
 did not address what would constitute an equitable reason, other than a case of first impression, and thus did not provide
 
 *574
 
 guidance to the appellate courts as to when to grant relinquishment.
 

 [6]
 

 .
 
 See Liberty Transp., LLC v. Banyan Air Servs., Inc.,
 
 7 So.3d 1138, 1140 (Fla. 4th DCA 2009);
 
 Avatar Dev. Corp. v. DeAngelis,
 
 944 So.2d 1107, 1108-09 (Fla. 4th DCA 2006);
 
 Wyatt v. Milner Document Prods., Inc.,
 
 932 So.2d 487, 489 (Fla. 4th DCA 2006);
 
 Home Ins. Co. v. Crawford
 
 &
 
 Co.,
 
 890 So.2d 1186, 1189-90 (Fla. 4th DCA 2005);
 
 Diaz v. Fla. Windstorm Underwriting Ass'n,
 
 802 So.2d 386, 386-87 (Fla. 3d DCA 2001);
 
 Emerald Coast Commc'ns, Inc. v. Carter,
 
 780 So.2d 968, 969 (Fla. 1st DCA 2001).
 

 [7]
 

 . Because the final judgment will still be considered final for purposes of appeal, this avoids the procedural quandary by allowing the defendant to appeal a final judgment that appears final on its face and authorizes execution on the defendant’s assets, while enabling the defendant to take steps to prevent execution by posting a supersedeas bond.
 

 [8]
 

 . The practical similarities of prejudgment interest to attorneys’ fees and costs may be the reason that parties have assumed that prejudgment interest can be treated like attorneys’ fees and costs. In fact, in this case, it appears that the parties and the trial court were all operating under this assumption.
 

 [9]
 

 .We note that what is now Florida Rule of Appellate Procedure 9.110(1) was not promulgated until after the
 
 McGurn
 
 decision.
 
 See In re Amends to the Fla. Rules of App. Pro.,
 
 609 So.2d 516, 535-36 (Fla.1992) (promulgating rule 9.110(m), now rule 9.110(/)).
 

 [10]
 

 .
 
 Compare Raymond James & Assocs., Inc. v. Godshall,
 
 851 So.2d 879, 880-81 (Fla. 1st DCA 2003) (dismissing as premature an order that authorized execution but reserved jurisdiction to rule on a related claim of whether the plaintiff was entitled to further damages, and distinguishing
 
 McGum
 
 as concerning only prejudgment interest),
 
 with Lombardo v. Haige,
 
 971 So.2d 1037, 1040 (Fla. 2d DCA 2008) ("[W]e cannot fathom how one can wait to appeal an order upon which execution can enter.”),
 
 and Del Castillo v. Ralor Pharmacy, Inc.,
 
 512 So.2d 315, 319 (Fla. 3d DCA 1987) (holding that because a final judgment fixing compensatory damages and ordering execution, but reserving jurisdiction to later consider punitive damages, although improper, had the "attributes of a 'true' final judgment, it [was] deemed to have taken on the characteristic of such a judgment which requires review by immediate appeal.” (footnote omitted)).
 

 [11]
 

 . Whether the release filed by Newport in this Court has any effect on the prejudgment interest is an issue that we do not address because it was not presented to the trial court or the Third District.