TAYLOR, J.
We reverse the final judgment dated September 23, 2010, which was the second final judgment entered in this case. Because the second final judgment was not entered pursuant to either Rule 1.530 or Rule 1.540 of the Florida Rules of Civil Procedure, the trial court had no authority to enter a second final judgment after the first final judgment was affirmed on appeal.
By way of background, in June 2004, the plaintiffs, John Jerue and Laurette Jerue, entered into a contract with appellant, Harbor Communities LLC (“Harbor”), for the purchase of a condominium unit in a complex that Harbor was developing. The plaintiffs paid Harbor a total of $42,855 in deposits. The contract provided that Harbor had an unconditional obligation to complete and deliver the unit within two years from the date of execution. In June 2006, the plaintiffs cancelled the agreement in writing and demanded a refund of their deposit on the ground that Harbor failed to complete and deliver the unit within the two-year period. Harbor refused to return the plaintiffs’ deposit.
In August 2006, the plaintiffs filed a complaint against Harbor for breach of contract, seeking return of the deposit. The complaint included a claim for attorney’s fees and costs under the purchase agreement.
Harbor filed an answer, affirmative defenses, and a counterclaim. In the coun- *570 terclaira, Harbor alleged that the plaintiffs breached the Purchase Agreement by failing to close on the unit. Subsequently, Harbor filed amended affirmative defenses, asserting, among other things, that the Purchase Agreement specifically provided for an extension beyond the two-year time for completion due to “acts of God, strikes, and other causes beyond Developer’s control.”
Following discovery, the plaintiffs filed a motion for summary judgment, arguing that, as a matter of law, Harbor breached the two-year unconditional guarantee in the contract. The plaintiffs further argued in their motion that they did not commit any breach of the contract.
On December 10, 2008, the trial court issued an Order Granting Plaintiffs Motion for Summary Judgment. In that order, the trial court not only granted the Plaintiffs Motion for Summary Judgment, but also entered judgment against Harbor in the amount of $42,855. The trial court rejected the argument that Harbor was entitled to an “excusable extension,” held that Harbor failed to perform under its own unconditional guarantee for completion within the two-year period, and ruled that the plaintiffs properly cancelled the agreement in accordance with its terms.
Although the order was styled as an Order Granting Plaintiffs Motion for Summary Judgment, the order also included language of finality and entered judgment in favor of the plaintiffs. In a prior appeal, our court treated the Order Granting Plaintiffs Motion for Summary Judgment as a final order, and we affirmed it without opinion. See Harbor Cmtys., LLC v. Jerue, 32 So.3d 634 (Fla. 4th DCA 2010) (“Harbor Communities I ”).
About three months after we issued our mandate, the plaintiffs filed a motion for summary judgment on Harbor’s counterclaim and for entry of final judgment. Two days before the hearing on the motion, Harbor served a voluntary dismissal of its counterclaim.
On September 23, 2010, the trial court entered a Final Judgment. In this second final judgment, the trial court ordered that Harbor pay the plaintiffs $42,855, plus prejudgment interest in the amount of $16,790.93 and post-judgment interest at the rate of 6% from the date of the final judgment. The second final judgment also reserved jurisdiction as to attorney’s fees and found that the counterclaim had been withdrawn.
Harbor appeals, claiming that the trial court did not have jurisdiction to enter the final judgment dated September 23, 2010. We agree.
The threshold question in this case is whether the Order Granting Plaintiffs Motion for Summary Judgment, which was affirmed on appeal in Harbor Communities I, was a final judgment. “A final judgment is one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment.” Donaldson Eng’g., Inc. v. City of Plantation, 326 So.2d 209, 210 (Fla. 4th DCA 1976). Here, although the order was styled as an Order Granting Plaintiffs Motion for Summary Judgment, the order also entered judgment in favor of the plaintiffs and required Harbor to pay a sum certain of $42,855. From the four corners of the order, it is apparent that no further judicial labor was contemplated. Moreover, that order was appealed, briefed on the merits, and affirmed by this court in Harbor Communities I. Therefore, this court already determined that the Order Granting Plaintiffs Motion for Summary Judgment operated as a final judgment. For ease of reference, we will *571 refer to that order as the “first final judgment.”
The parties focus much of their argument on whether Harbor served a proper voluntary dismissal, and whether that voluntary dismissal operated to divest the trial court of jurisdiction to enter the second final judgment. But we need not address these issues, as we conclude that the counterclaim was implicitly denied in the first final judgment. Although there do not appear to be any Florida cases directly on point, out-of-state case law holds that “where a judgment implicitly resolves the issues raised by the defendant’s counterclaim, it is a final judgment even though the judgment makes no explicit reference to the counterclaim.” State ex rel. Nixon v. Hoester, 930 S.W.2d 52, 53 (Mo.App.1996); see also Roberts v. Security Trust & Sav. Bank of Brilliant, 470 So.2d 674, 675 (Ala.1985) (holding that even though the record contained no order explicitly denying the defendant’s counterclaim, the judgment was final because the trial court entered a judgment in full for the plaintiff and “[tjhat holding implicitly denied the counterclaim”).
Here, the first final judgment implicitly denied Harbor’s counterclaim. In the first final judgment, the trial court (1) rejected the argument that Harbor was entitled to an “excusable extension,” (2) held that Harbor failed to perform under its own unconditional guarantee for completion within the two-year period, and (3) ruled that the plaintiffs properly cancelled the agreement in accordance with its terms. Therefore, by entering final summary judgment in favor of the plaintiffs on their claim for breach of contract, the first final judgment necessarily rejected the counterclaim that the plaintiffs breached the contract by failing to close on the condominium unit.
Because the Order Granting Plaintiffs Motion for Summary Judgment constituted the final judgment in this case, the trial court did not have jurisdiction to enter a second final judgment after the first final judgment was affirmed on appeal. “Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment.” Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1, 3 (Fla.1970); Bank One, N.A. v. Batronie, 884 So.2d 346, 348 (Fla. 2d DCA 2004) (“After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540.”).
Here, the second final judgment was not entered pursuant to either Rule 1.530 or Rule 1.540. Moreover, although a trial court is allowed to reserve jurisdiction in a final judgment to award prejudgment interest, see Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So.3d 567, 574-75 (Fla.2010), in this case the first final judgment did not reserve jurisdiction to award prejudgment interest. Furthermore, the plaintiffs did not timely file a motion for attorney’s fees within thirty days of the first final judgment. See Fla. R. Civ. P. 1.525 (“Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.”). And because the first final judgment did not determine entitlement to attorney’s fees and costs, the plaintiffs were not excused from complying with Rule 1.525. Cf. Amerus Life Ins. Co. v. Lait, 2 So.3d 203, 207-08 (Fla.2009) (holding that rule 1.525 does not apply when the trial court has determined entitlement to *572 attorneys’ fees and costs in its final judgment, but reserves jurisdiction only to determine the amount in attorneys’ fees and costs that is owed). Therefore, the trial court had no authority to enter the second final judgment, which served to modify the first final judgment.
In sum, because the second final judgment was not entered pursuant to either Rule 1.530 or Rule 1.540, the trial court had no authority to enter a second final judgment after the first final judgment was affirmed on appeal. We reverse and remand with directions that the trial court vacate the final judgment dated September 23, 2010.

Reversed and Remanded.

GERBER and LEVINE, JJ., concur.