SUAREZ, J.
Newport Operating Corporation (“Newport”) appeals from the denial of a Florida Rule of Civil Procedure 1.540 motion seeking relief from an order granting prejudgment interest. We affirm.
The case between Westgate Miami Beach, Ltd. (“Westgate”), and Newport arises out of a series of commercial disputes involving timeshare agreements at the Newport Beachside Hotel in Sunny Isles. Westgate prevailed at trial[1] and was awarded prejudgment interest. The Third District affirmed on appeal. Newport Operating Corp. v. Westgate Miami Beach, Ltd. (“Westgate /”), 982 So.2d 698 (Fla. 3d DCA 2008). On certification of the question of whether the Court should recede from its precedent in order to avoid inadvertent waiver of prejudgment interest, the Florida Supreme Court quashed the Third District’s affirmance and remanded “with directions to remand to trial court for a calculation and award of prejudgment interest in this case.” Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567, 577 (Fla.2010) (‘West-gate II ”) (receding from McGurn v. Scott, *1008 596 So.2d 1042 (Fla.1992), and holding that an appeal from a final judgment reserving jurisdiction to award prejudgment interest will not divest the trial court of jurisdiction to award prejudgment interest).
Weeks earlier, in a separate, unrelated federal ADA case, Westgate and Newport executed settlement documents and agreed to a broad general Release (the “Burke Release”). The Burke Release supposedly releases Newport of any and all causes of action without limitation. The question then became whether that release had any applicability to Westgate’s entitlement to prejudgment interest in the case now before us. In its opinion remanding the prejudgment interest issue, the Florida Supreme Court denied Newport’s suggestion of mootness and declined to address the Burke Release issue because “it was not presented to the trial court or the Third District.” Westgate II, 55 So.3d at 577, n. 11.
On remand from Westgate II, the trial court continued to state on the record that it did not rule on entitlement, but merely set the amount of the prejudgment interest award. Newport filed a Rule 1.540(a) and (b) motion asking the trial court to clarify its order setting prejudgment interest. Fla. R. Civ. P. 1.540(a), (b). Because the issue of the applicability of the Burke Release to any other extant case between the parties had never been addressed or determined in a court below, the trial court declined to modify its order to indicate any such determination.
Newport here appeals from the trial court’s denial of its Rule 1.540 motion. We review the order below for abuse of discretion. Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So.3d 1097, 1098 (Fla. 3d DCA 2011) (holding that a trial court’s denial of a Rule 1.540 motion for relief from judgment is reviewed for abuse of discretion); Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla. 3d DCA 1978) (“The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in order to reverse a judge’s ruling thereunder, there must be a showing of a gross abuse of discretion.”). The applicability and scope of the Burke Release is not at issue in this case because it has, apparently, never been raised in any trial court.[2] The trial court was directed on remand to set the amount of the prejudgment interest award and it has done so without determining Westgate’s entitlement to prejudgment interest. The record is replete with the trial judge’s explicit statements that he was not determining Westgate’s entitlement to prejudgment interest, but was merely carrying out his ministerial duty per Court order to set the amount of interest only. We therefore affirm the trial court’s denial of Rule 1.540 relief where no abuse of discretion is apparent in this record.
Affirmed.

. Lower Case No. 03-12769.

. We follow the Florida Supreme Court's lead in refusing to consider the Burke Release because no lower court has yet addressed the Burke Release and its effect, if any, on West-gate's entitlement to prejudgment interest in this case.