DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE STERLING VILLAGES OF PALM BEACH LAKES CONDOMINIUM ASSOCIATION, INC.,** a Florida corporation not-for-profit,
Appellant,

v.

**JOEL LACROZE,**
Appellee.

No. 4D17-1385

[July 5, 2018]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2013-CA-012940-XXXX-MB.

Steven H. Meyer of CPLS, P.A., Orlando, for appellant.

Joel Lacroze, Greenacres, pro se.

CONNER, J.

The Sterling Villages of Palm Beach Lakes Condominium Association, Inc. ("Sterling Villages") appeals the final judgment entered in its favor, against Joel Lacroze ("the Homeowner"), asserting the trial court erred by: (1) awarding an arbitrary sum that reflects a portion of the assessments that accrued after the Homeowner took title to the unit; (2) failing to award Sterling Villages the unpaid assessments that accrued prior to the Homeowner taking title to the unit; (3) awarding sums as of the date of the judgment rather than the date of the trial; and (4) determining entitlement to prejudgment interest, but not determining the amount of prejudgment interest awarded. The Homeowner cross-appeals, raising multiple issues revolving around the contention that the trial court erred in determining that he failed to prove a *prima facie* case. As both parties acknowledge, there is no transcript of the non-jury trial in the record on appeal. Without a transcript of the nonjury trial, Sterling Villages is unable to demonstrate that the trial court erred. *See Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. The Applegates correctly point to the

lack of a trial transcript or a proper substitute as fatally flawing the appellate court's ruling."). Thus, we affirm the trial court's rulings and final judgment as to all issues raised, but remand the case back to the trial court to determine and enter judgment for the amount of prejudgment interest to be awarded to Sterling Villages.

*Background*

Sterling Villages is a residential condominium association. The Homeowner acquired title to a unit in the condominium as the successful bidder at a foreclosure sale. A dispute arose as to the amount of money the Homeowner owed to Sterling Villages, for assessments both pre-dating and after his ownership in the unit, leading to the Homeowner filing suit against Sterling Villages and the previous owner of the unit.

The complaint alleged five counts, three against Sterling Villages and two against the prior owner. As to Sterling Villages, the Homeowner sought an accounting, injunctive relief, and damages (due to the inability to sell or rent the unit based on a cloud on the title caused by the unpaid assessments). The complaint alleged that Sterling Villages had not followed several requirements of the Florida Condominium Act since 2007, rendering the purported assessments after 2007 invalid.

Sterling Villages filed a counterclaim seeking damages for unpaid assessments both prior to and after the Homeowner acquired title to the unit. After filing a claim of lien against the Homeowner, Sterling Villages amended its counterclaim to include a count for foreclosure of the claim of lien.

The case proceeded to a nonjury trial. After the trial concluded, the trial court entered an order stating the trial court's findings. After denying several post-trial motions, the trial court entered a final judgment adjudicating that the Homeowner "shall take nothing from the action," and that the Homeowner owed Sterling Villages a specific amount of damages for unpaid assessments, "plus prejudgment interest from February 27, 2014" (the date the claim of lien was recorded). The trial court "reserve[d] jurisdiction to consider entitlement to further injunctive relief, and the parties' entitlement and amount of attorney's fees and costs, if any."

After the final judgment was entered, Sterling Villages filed a motion to correct what it perceived to be inconsistencies in the final judgment, seeking, among other things, a revision of the final judgment to award prejudgment interest to the dates the unpaid assessments became due, rather than the date the claim of lien was recorded. Additionally, Sterling Villages filed a motion for additur, seeking, among other things, a revision

2

of the final judgment to reflect a specific amount of prejudgment interest it contended was owed.

The trial court denied Sterling Villages's motions, without elaboration, whereupon Sterling Villages gave notice of appeal. The Homeowner gave notice of cross-appeal.

*Appellate Analysis*

"A trial court's decision concerning a [party]'s entitlement to prejudgment interest is reviewed de novo." *Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1011 (Fla. 4th DCA 2008).

"The purpose of the award of prejudgment interest is to make the plaintiff whole from the date of the loss once the jury determines the defendant's liability for damages and their amount." *Capitol Envtl. Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 597 (Fla. 1st DCA 2009). "Once the [finder of fact] sets the amount of damages to be awarded, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due." *Id.* "Once liquidated damages have been determined, a trial court must award prejudgment interest." *SP Healthcare Holdings, LLC v. Surgery Ctr. Holdings, LLC*, 208 So. 3d 775, 780 (Fla. 2d DCA 2016).

> [I]f a plaintiff establishes that he sustained out-of-pocket loss, prejudgment interest must be awarded from the date of the loss. The trial court has no discretion with regard to awarding prejudgment interest and must do so applying the statutory rate of interest in effect at the time the interest accrues.

*Summerton v. Mamele*, 711 So. 2d 131, 133 (Fla. 5th DCA 1998).

In *Westgate Miami Beach, LTD. v. Newport Operating Corp.*, 55 So. 3d 567 (Fla. 2010), our supreme court held that a trial court can properly reserve jurisdiction in a final judgment to award prejudgment interest in a manner similar to attorneys' fees and costs. *Id.* at 574-75. The *Westgate* court also added:

> Finally, we note that when a trial court enters a final judgment reserving jurisdiction to award prejudgment interest, *the final judgment should be clear as to whether entitlement to prejudgment interest has been determined and whether all that remains is the calculation of the amount.* This clarity is important because it will affect whether the issue of entitlement is reviewable on appeal from the final judgment.

*Id.* at 577 (emphasis added).

Although not a model of clarity, in terms of expressing the intent to reserve jurisdiction to determine the amount of prejudgment interest owed, we are satisfied that the final judgment in the instant case liquidated the amount due for past accrued assessments and determined that Sterling Villages was entitled to prejudgment interest beginning on a specific date.

In *Broward County v. Finlayson*, 555 So. 2d 1211 (Fla. 1990), our supreme court made clear that the general rule that prejudgment interest should run from the date of the loss is not absolute. *Id.* at 1213. Instead, interest "is given in response to considerations of fairness. It is denied when exaction would be inequitable." *Id.* (quoting *Flack v. Graham*, 461 So. 2d 82, 84 (Fla. 1984)). When a trial court determines it would be inequitable under the circumstances to award prejudgment interest prior to a party's notice of the default, the trial court has the discretion to find that prejudgment interest should run from the date the party received notice of the default and not the date of the default. *Cuillo v. McCoy*, 810 So. 2d 1061, 1064-65 (Fla. 4th DCA 2002). Here, the trial court ordered the prejudgment interest to run from the date the claim of lien was recorded. We determine the trial court did not abuse its discretion in deciding the beginning date that prejudgment interest was to accrue.

Having determined the trial court did not err in determining entitlement to prejudgment interest and the beginning date, we remand for the trial court to calculate the amount of prejudgment interest owed, if it has not already done so during the pendency of this appeal. *See Shuck v. Smalls*, 101 So. 3d 924, 929 (Fla. 4th DCA 2012).

*Affirmed and remanded with instructions.*

GERBER, C.J., and GROSS, J., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***