DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CENTRAL PALM BEACH PHYSICIANS AND URGENT CARE, INC.**
a/a/o **ELBER VELASQUEZ LOPEZ**,
Appellant,

v.

**MGA INSURANCE COMPANY, INC.**,
Appellee.

No. 4D21-0195

[April 27, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Phoebee R. Francois, Judge; L.T. Case No. COWE20-001308.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellant.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Scott E. Danner of Kirwin Spellacy Danner Watkins & Brownstein, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Central Palm Beach Physicians & Urgent Care, Inc. appeals the county court's order denying it prejudgment and post-judgment interest. We reverse.

Central treated MGA Insurance's insured after a motor vehicle accident. MGA filed a confession of judgment. Central timely moved for fees and costs. In its fee motion, Central requested "attorney's fees and costs, taxing reasonable attorney's fees and costs, plus any and all expert witness fees, together with interest from the date of the entitlement, and any other relief deemed just and proper in the premises."

The court awarded Central $8,390.00 in fees and costs, and MGA moved for rehearing. Central moved for prejudgment and post-judgment interest on the attorney's fees award. Central also moved to enforce the payment of post-judgment interest on the final judgment. The court denied both of Central's motions seeking interest.

MGA insists that the court correctly denied Central pre- and post-judgment interest, arguing that the final judgment did not rule on the interest issue or otherwise reserve jurisdiction to consider it. Without more, MGA would be correct. *See Harbor Communities, LLC v. Jerue*, 81 So. 3d 568, 571 (Fla. 4th DCA 2012) (concluding the circuit court did not have jurisdiction to award prejudgment interest because the final judgment did not reserve jurisdiction to do so).

But unlike in *Harbor Communities*, Central filed a timely post-judgment motion claiming entitlement to an award of interest. *Hi-Shear Tech. Corp. v. United Space All., LLC*, 1 So. 3d 195, 204 (Fla. 5th DCA 2008) ("By failing to raise this issue in a motion for rehearing within the time set forth in Florida Rule of Civil Procedure 1.530(b), Hi–Shear waived its claim to pre-judgment interest." (citation omitted)).

Central moved for an award of accrued prejudgment interest on attorney's fees. This was enough to bring the outstanding issue to the court's attention, particularly because the supreme court sought to avoid the "inadvertent waiver of prejudgment interest" when it decided that prejudgment interest would be treated like attorney's fees and costs. *Westgate Miami Beach, Ltd. v. Newport Operating Corp.*, 55 So. 3d 567, 576 (Fla. 2010). Central's motion seeking prejudgment interest was filed within the time permitted to seek rehearing of the final judgment. Therefore, the court erred when it denied the timely filed motion seeking $260.19 in prejudgment interest on the fee judgment.

Likewise, we reverse the court's order denying Central post-judgment interest. The final judgment specifically included language stating, "for which let execution issue at the legal rate." Central had a right to post-judgment interest "at the legal rate" from the date of the judgment until the judgment was satisfied.

The court's orders denying Central $260.19 in prejudgment interest and denying Central post-judgment interest from the date of the final judgment until satisfaction are reversed.

*Reversed and remanded.*

KLINGENSMITH, KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2